| 9 | 156 |
| 106 | 319 |

## DICKSON vs. ANDERSON & THOMPSON.

1. All the parties to a deed are estopped from denying the recitals therein.

2. The recital in a deed of conveyance of the payment of the consideration, is in the United States, held to be an exception to the rule.

## APPEAL from St. Louis Court of Common Pleas.

GEYER & DAYTON, for Appellants.

SPALDING AND TIFFANY, for Appellees.

SCOTT, J., delivered the opinion of the court.

Anderson and Thompson recovered a judgment in a justices' court against James McFarlane, on which an execution issued, and was levied on the property of McFarlane. McFarlane gave a bond for the delivery of the property on the day of sale; which bond was executed by Chas. K. Dickson, the appellant, as security for McFarlane. The bond recited that the execution had been levied upon certain property of James McFarlane, describing it, viz: twelve pieces of jeans, containing three hundred and forty-five yards, and four pieces of broad cloth, containing twenty-five yards, of the value of one hundred and fifty dollars. On the day appointed for the delivery of the property, Dickson,

the security in the delivery bond, claimed the property as his own, and a jury was summoned to try the right to it, who were not able to agree on the verdict. The property was not delivered according to the tenor of the bond, and the constable returned it as forfeited, to the justice, who afterwards, in pursuance of law, rendered judgment thereon against McFarlane and Dickson for the debt, interest and costs. From this judgment an appeal was taken by Dickson to the St. Louis court of common pleas, where on trial *de novo*, Dickson offered to prove that the property levied on, and for the delivery of which the bond had been given, was his own, and not the property of McFarlane. This evidence was rejected by the court, to which an exception was taken, and properly saved. Judgment was again rendered for Anderson and Thompson, from which Dickson has appealed to this court.

The only point saved by the bill of exceptions, is the propriety of rejecting the testimony offered by Dickson, to show that the property described in the delivery bond was his.

In regard to recitals in deeds, the general rule is, that all parties to a deed are bound by the recitals therein, which operate as an estoppel. Shelly vs. Wright, Willes 9; the Marchioness of Annondale vs. Harris, 2 P. Wms. 432. There are cases maintaining the distinction that the rule estopping a party by a recital in a deed, applies to those instances where he has alleged some fact in his own knowledge, and not to those, when from the nature of the fact recited, it is apparent that the knowledge of it was obtained from a party making use of the recital against him. Hayne vs. Maltby, 3 D. & E. 438; Miller vs. Bagwell 3 McCord. The recital of the payment of the consideration money, in a deed of conveyance, seems in America, contrary to the law as settled in the English courts, an exception to the rule of the conclusions of recitals in a deed. Cowan & Hills' notes 1, 217; Greenleaf 32. It was a fact certainly within the knowledge of Dickson, whether the property mentioned in the delivery bond was his or not, and having entered into a deed reciting that it was the property of McFarlane, we think there is no hardship, but on the contrary, manifest justice, in saying that he was estopped from denying the fact.

Judgment affirmed.