## WILLIAM A. GRAY *et al.*, Plaintiffs in Error, *v.* JOHN MACLEAN *et al.*, Defendants in Error.

### ERROR TO PEORIA.

The surety in a forth-coming bond, cannot plead that the property levied upon by an attachment, was not the property of the defendant, thereby to discharge himself from the obligation of the bond.

ON the 1st day of December, 1853, plaintiffs issued out an attachment against MacLean, from Peoria Circuit Court, which was levied on the steamboat " Kentucky," as the property of MacLean.

To release the boat from the attachment, MacLean and Merriman made the following bond:

" KNOW ALL MEN BY THESE PRESENTS, That we, John MacLean and A. L. Merriman, are held and firmly bound unto Leonard B. Cornwell, Sheriff of the county of Peoria, in the penal sum of five hundred dollars, lawful money of the United States, to the payment of which, well and truly to be made, we do bind ourselves, our heirs, executors, administrators, unto said Sheriff, his heirs and assigns, firmly, jointly and severally, by these presents. Witness, our hands and seals, this 3rd day of December, A. D. 1853.

*The condition of this obligation is such,* That whereas, on the first day of December, A. D. 1853, William A. Gray, James Gray, and Bonus C. Reeves caused a writ of attachment to be issued out of the Circuit Court of the county of Peoria, in the State of Illinois, and under the seal of the said court, for the sum of two hundred and three dollars and sixty-three cents, against the property, goods and chattels, lands and tenements of John MacLean, which said writ of attachment was directed to the Sheriff of said Peoria county to execute, under and by virtue of which said writ said Sheriff of Peoria county did, on the day of the date hereof, seize and levy upon the steamboat called the "Kentucky," her apparel, engine and furniture, and now has the same in his control: Now if the said steamboat Kentucky, her engine, apparel and furniture, shall be forth-coming to answer any judgment of said court in said cause, and at the proper time, then the above obligation to be void; else to be and remain in full force."

The declaration is upon this bond assigned to plaintiff, alleging the rendition of judgment against MacLean, the issuing of an execution, and that same was returned " no property," and that the steamboat was not forth-coming to answer the judgment.

The defendants pleaded *non est factum,* on which issue was joined to the country.

Defendant Merriman pleaded the following plea:

" And for a further plea in this behalf, defendant Merriman, as to the damages in said declaration claimed, says *actio non,* because they say that, at the time of the making of said writing obligatory, the said steamboat Kentucky, her apparel, engines

and furniture, &c., were not, and at the present time are not, the property of said defendant, John MacLean, the defendant in said original suit in said declaration mentioned, nor was the same liable to attachment as his property, but were the property of one Hamilton, and this he, the said defendant, Merriman, is ready to verify; wherefore he prays judgment, &c."

Plaintiffs demurred to this plea, the court overruled the demurrer, and the plaintiffs abided by the demurrer. The court gave final judgment for the defendants.

The only question in the case is, whether this decision was correct.

N. H. PURPLE, for Plaintiffs in Error.

MANNING and MERRIMAN, for Defendants in Error.

CATON, J. The plea in this case was clearly bad, and the demurrer to it should have been sustained. By it, the surety in a forth-coming bond, attempts to show that the property levied upon by the attachment, and to produce which to answer the judgment of the court, he had undertaken by executing the bond, was not the property of the defendant in the attachment, and not liable to the attachment, but was the property of a third person. The plea does not even show that the property had been taken by the third person under his paramount title, but for aught that appears, he sets up no claim to it. It was seized as the property of MacLean, for the payment of his debt by the sheriff. It was not admissible for him or his surety, to get possession of the property by the execution of the bond, and then refuse to deliver it to answer the judgment of the court, according to the exigencies of the bond, because it belonged to a third person. What business is it to them, if it did belong to a third person? He alone could complain that his property had been taken to pay the debt of MacLean. Certainly MacLean or his surety had no right to make such complaint. By the execution of the bond, they became the custodians of the property for the sheriff, and were bound to keep it in good faith, as they had stipulated. Neither the defendant nor the surety had a right to benefit himself by claiming to hold the property under the outstanding title of a third person, while they had agreed to hold it under the sheriff. Had the plea shown that the property attached had been actually taken from them by the third person, under his paramount title, while they were endeavoring to retain it in good faith to answer the judgment of the court, a very different question would have been presented.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*