# Frederick Dehler
### *v.*
# Charles Held *et al.*

| 50 | 491 |
| 153 | 111 |
| 50 | 491 |
| 73a | 710 |
| 50 | 491 |
| 85a | 366 |

1.  Contracts—*excuse for non-performance.*  As a general rule, where a party binds himself to perform an act, he is held to its performance, except where it is rendered impossible by the act of God or the public enemy.  The mere fact that it may be inconvenient, or attended with loss, is no excuse.

2.  Forthcoming bond—*excuse for non-delivery of the property.*  So, in an action on a forthcoming bond which had been given for the delivery of property seized upon execution, the security in the bond pleaded, that at the time of the levy a portion of the property was subject to a prior valid mortgage, and after the execution of the forthcoming bond the mortgagee took the property into his possession, as he had a right to do under the provisions of his mortgage, and sold it in part satisfaction of his debt, the property being insufficient to satisfy the whole :  *Held,* the plea did not present a defense to the action.  The party interposing the plea could have paid the mortgage debt, and thus discharging the property from the lien, would have been able to deliver it, according to the condition of his bond.

3.  Measure of damages—*in an action on a forthcoming bond.*  In an action of covenant or debt, on a bond with a condition, the true measure of damages is the loss sustained by the covenantee or obligee.

4.  So, in an action on a forthcoming bond, for a non-delivery of the property, it was pleaded by the surety that there was a prior mortgage lien upon the property, and by virtue of the mortgage the mortgagee had taken it and subjected it to the satisfaction of a portion of his debt, the property being worth less than the lien of the mortgage :  *Held,* only nominal damages could be recovered.

5.  If, however, it should turn out that the property was worth more than the mortgage lien, then the excess, whatever it might be, would be the measure of damages, as that would be the extent of the injury sustained by the plaintiff in the execution.

6.  Plea in bar—*when nominal damages are recoverable.*  In such case, although a plea by the surety sets up that the property had been taken under the prior mortgage after the forthcoming bond was executed, and that it was worth no more than the mortgage lien, still the plea should not be in bar of the action, as the failure to deliver the property according to the condition of the bond not being occasioned by the act of God or the public enemy, there was a technical breach for which there was a right of action, and a right to recover nominal damages.

7.  Plea of part performance—*when good.*  A part performance of an obligation, accepted by the obligee, is good, and will discharge the obligor as far as

it goes. So, a plea in an action on a forthcoming bond, which alleges that a part of the property was delivered to the officer, is, substantially, a good defense to a part of the recovery—to the extent of the proceeds of the property so returned.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

Messrs. KASE & WILDERMAN, for the plaintiff in error.

Mr. WM. H. UNDERWOOD, for the defendants in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of debt, upon a forthcoming bond executed by Charles Held, the execution debtor, and Jacob Meister, as his surety, to Frederick Dehler. The breach assigned is, that the obligors failed to deliver the property to plaintiff in error, at the time and place named in the condition of the bond. To this declaration, defendant in error Meister, pleaded first, *non est factum*, and secondly, that a portion of the property levied upon by plaintiff in error under three different executions, in his hands, as a constable, from a justice of the peace of the county, and against Held, at the time the levy was made, was subject to a chattel mortgage given by Held to Neu & Gintz, to secure a debt of $400, which he owed to them, and which was to mature at six months from the date of the mortgage; that it was duly executed, and properly acknowledged before a justice of the peace in the proper district, and that he had entered the memorandum required by the statute in his docket, and that it was regularly recorded in the proper office.

The mortgage provided that Held, the mortgagor, might retain possession of the property for two years, but that in case it should be attached or levied upon under execution,

then the mortgagees might reduce it to possession, and after giving notice as specified, sell it, and apply the proceeds to the payment of their debt. The property being thus held under this chattel mortgage at the time the levy was made, and the debt not due and unpaid, after the levy was made by plaintiff in error, Neu & Gintz, by virtue of the power contained in the mortgage, seized and reduced the property into their possession, and after giving the required notice, sold the same for a sum less than their debt, and applied it towards paying the same, whereby defendant Meister was prevented from delivering the property to plaintiff in error, according to the terms and conditions of the bond sued upon.

The third plea averred that all of the property named in the forthcoming bond, and not embraced in the mortgage, was duly delivered by Meister to plaintiff in error, in the same condition it was when the bond was given, and at the time and place, and in the manner required by the bond.

To the second plea, plaintiff in error filed a general demurrer, and a special demurrer to the third plea, and assigned special causes, that the plea avers performance generally, without stating the manner, and that the plea does not crave *oyer* of the writing obligatory, and is otherwise uncertain, informal and insufficient.

The court below overruled these demurrers, and plaintiff failing to answer further, the court rendered judgment on the demurrer, in bar of the action, and to reverse that judgment plaintiff brings the case to this court, on error.

The only question arising on this record is, whether these pleas present a defense to the action against Meister.

As a general rule, where a party binds himself to perform an act, he is held to its performance, except where it is rendered impossible by the act of God or the public enemy. The mere fact that it may be inconvenient, or attended with loss, is no excuse. And that is all that can be said of this obligation. Its performance was in nowise rendered impossible. Meister could have redeemed the property by paying the

mortgage debt, and thus have retained it to answer the condition of the bond, as the mortgagees would have been compelled to receive the money and discharge the property from the mortgage had he tendered the debt. It was, therefore, within his power to perform the condition of this bond. Having failed to deliver the property as he and his principal had agreed, in law, there was a breach and an action thereby accrued to the plaintiff against the obligors.

Conceding the second plea to be true, and it is admitted by the demurrer, it does not constitute a bar to the action. If the facts exist as stated in the plea, what would be the measure of the damages? Evidently, the amount of the loss sustained by the execution creditors by the failure of defendants in error to deliver the property at the time and place fixed by the bond. Had the property been delivered, what would have been the rights of the judgment creditors? Only to have sold it under the executions, subject to the prior mortgage, and thus have rendered the surplus, over and above the amount of the mortgage debt, subject to their executions. If, as the plea alleges, the property levied upon was not worth as much as the mortgage debt, then a sale would have availed nothing, and they have sustained no loss by a failure to deliver the property to the constable.

Suppose the constable had been sued by the plaintiffs in these executions, for refusing to seize the property under the executions, and he had shown that the property was worth no more than the lien of the mortgage, would any one contend that the measure of damages against him should be the full value of the property? Assuredly not. And why? Because plaintiffs in execution had sustained no damage by the officers refusing to make the levy. But had it appeared that the property was worth more, then he would be liable for the amount of the surplus. And why should not the same rule apply to Meister? No reason is perceived.

In an action of covenant or debt, on a bond with a condition, the true measure of damages is the loss sustained by the

covenantee or obligee. This, then, was simply a question of the measure of the damages. By failing to perform the condition of the bond there was a breach, and a right of action accrued, the effect of the bond being, that Meister would deliver the property as he had bound himself, or would pay such damages as the plaintiffs in execution sustained by his failure. And we have seen that the property being admitted to have been worth less than the amount of the lien of the mortgage, there could be no damages beyond a nominal sum, which the law implies. If, however, it should turn out that the property was worth more, then the excess, whatever it might be, would be the measure of the damages, as that would be the extent of the injury sustained by plaintiffs in execution. That was all their executions could have reached by the levy and a sale. The plea was bad, because it was pleaded as a bar to the action, and we have seen it was not an answer to the breach, and the demurrer should have been sustained.

The third plea, although informal, in substance presented a defense to a part of the recovery. So far as it alleged that property levied on under these executions had been delivered, and which was not held by the mortgage, it was an averment of the performance of the condition to that extent. It can never be held that a part performance of an obligation, accepted by the obligee, will be held for nothing. It is good, and must be held to discharge the obligor so far as it goes, but no farther. If the property admitted by the demurrer to have been delivered to the constable was sufficient to pay a portion of the judgments, to collect which the executions were issued, then it would lessen the sum to be recovered, to that extent. The extent of the recovery would in no case be more than those executions, with interest and costs, and the proceeds of the property thus delivered should be deducted. Although informal, the plea, in substance, presented a defense to a part of the recovery. Being informal, the demurrer should have been sustained for that reason.

As the court erred in failing to sustain the demurrer, the judgment of the court below is reversed and the cause remanded, with leave to amend the pleas.

*Judgment reversed.*