EDMUND O. BACON *vs.* MAHLON M. DANIELS & another.

Worcester. Oct. 8, 1874. — Jan. 5, 1875. COLT & MORTON, JJ., absent.

Where goods attached as the property of A. are delivered to a receiptor who agrees in writing that the goods are the property of A., and that he will on demand return them to the attaching officer, or pay him the amount of the debt and costs recovered in the suit against A., evidence is inadmissible, in defence to an action on the receipt, that some of the goods were not the property of A. at the time of the attachment, and that the others were not attachable.

CONTRACT against Mahlon M. Daniels and Welcome A. Thayer, on a receipt signed and sealed by them, which, after reciting the attachment by the plaintiff, a deputy sheriff, of three cows, on a writ dated December 22, 1870, in an action by John M. Daniels against the first named defendant, and the value of the cows, proceeded as follows: " Now in consideration of the premises, and of said E. O. Bacon allowing the above property, so by him attached, to remain in the charge and possession of the said Mahlon M. Daniels, we hereby jointly and severally promise and agree that said property is the lawful property of the said

Mahlon M. Daniels, and is of the aforesaid value, and that we will, on demand, deliver the said property to the said E. O. Bacon in like good order and condition as the same is now in, and of its present value, or in case of our neglecting or refusing to deliver the property as aforesaid, we will pay on demand to the said E. O. Bacon, or his lawful representatives, the amount of debt and costs which shall be recovered in the said suit, together with all lawful fees upon such execution or executions as may be placed in the hands of said E. O. Bacon, or his legal representatives."

The declaration set out the contract, and alleged the entry of the original action in court, judgment thereon in favor of the plaintiff, issue of an execution, demand of the property attached, and the refusal of the defendants to deliver up the property, and a further demand and refusal of the defendants to pay the amount of the debt and costs recovered, together with the fees on the execution.

Trial in the Superior Court, before *Brigham*, C. J., without a jury, who allowed a bill of exceptions in substance as follows :

The contract annexed to the declaration was made under the circumstances and upon the considerations therein set forth, and judgment was obtained in the action of John M. Daniels against Mahlon M. Daniels, execution issued thereupon, and the plaintiff proceeded in the matter of said execution, as is alleged in the declaration. When the plaintiff made the attachment, Mahlon M. Daniels was residing with his family and with Abigail Alexander, his mother-in-law, on her farm in Blackstone, and was conducting the business of that farm, under some arrangement, the details of which did not precisely appear, by which he and his family obtained a maintenance, and Abigail Alexander more or less of the products of the farm, and the control of the same. At the time of the attachment, there were upon the farm seven cows, all of which had been the property of Mahlon M. Daniels. Three of these cows were under mortgage to the defendant, Welcome A. Thayer, at the time of making the contract declared on. Three of the other cows were, on March 30, 1869, sold by Mahlon M. Daniels to Abigail Alexander, and the other was the property and the only cow of Mahlon M. Daniels not under mortgage. Among the three cows attached by the plaintiff at the time of making the contract declared on, were two of the three cows sold by Mahlon M. Daniels to Abigail Alexander as aforesaid.

There was evidence on the part of the plaintiff tending to prove that the sale to Abigail Alexander was colorable and not *bond fide*, and that, at the time of the attachment, Mahlon M. Daniels pointed out the three cows attached and declared them to be his property, but the judge did not find these facts proved.

The plaintiff contended, and requested the judge to rule, that under the pleadings the plaintiff was entitled to recover upon said contract, and that the defendants were estopped to deny that the attached cows were the property of Mahlon M. Daniels ; but the judge ruled that the defendants might prove, in defence of the action, that the cows, when attached, were not the property of Mahlon M. Daniels, and admitted evidence to that effect, against the objection and exception of the plaintiff's counsel.

The judge ruled that two of the three cows attached as aforesaid were not, at the time of their attachment, attachable as the property of Mahlon M. Daniels, although in his use and possession, being then the property of Abigail Alexander, and that the third cow thus attached was exempt from attachment, being the only cow of Mahlon M. Daniels not under mortgage ; that evidence of these facts was competent, notwithstanding the recitals and admissions of the defendants in the contract declared on, and that upon the facts found the plaintiff could not maintain this action, and found for the defendants; and the plaintiff alleged exceptions.

*S. A. Burgess*, for the plaintiff, was stopped by the court.

*T. G. Kent*, for the defendants, cited *Learned* v. *Bryant*, 13 Mass. 224 ; *Dewey* v. *Field*, 4 Met. 381 ; *Butterfield* v. *Converse*, 10 Cush. 317 ; *Thayer* v. *Hunt*, 2 Allen, 449 ; *Shumway* v. *Carpenter*, 13 Allen, 68 ; *Fisher* v. *Bartlett*, 8 Greenl. 122 ; *Sawyer* v. *Mason*, 19 Maine, 49 ; *Scott* v. *Whittemore*, 7 Foster, 309.

WELLS, J.   In defence to the action upon this agreement, the court below admitted evidence that the property therein mentioned was not attachable, two of the cows having been previously sold by the debtor, and the other being exempt by law ; and, upon such proof, gave judgment for the defendant.   This was erroneous.   Even if there had been in the writing only the recitals and agreements respecting the property, the express promise and agreement " that said property is the lawful property of the said " debtor, would preclude the defendants from setting up title in another, in contravention of their undertaking and warranty.

The cases relied on to sustain the defence are all cases in which there was no agreement except to return the specific chattels attached and released, and where the transaction was regarded substantially like a bailment. But wherever the form of the receipt or the circumstances under which it was given are such as to show that it was intended as an absolute assurance for a certain amount or value of attachable property, the parties are never allowed to defeat its purpose by proof that the debtor's title to the particular property mentioned in it was defective. *Dewey* v. *Field*, 4 Met. 381. *Wentworth* v. *Leonard*, 4 Cush. 414, 419. *Thayer* v. *Hunt*, 2 Allen, 449, 451.

This writing contains absolute agreements in the alternative, either to deliver to the officer, on demand, certain property named, as attached on the writ, and which they agree to be the debtor's lawful property, or to pay the judgment that may be recovered in that suit. There having been a failure to deliver the property on demand therefor, the alternative promise to pay the amount of the judgment recovered has become operative and binding. It is that for which this action is brought, and not damages merely for non-delivery of the property. The release of the property by the officer to the debtor, at the request of the defendants, is a sufficient consideration to support that promise; and besides, the instrument is under seal. The evidence offered and admitted furnished no defence to the action. *Hayes* v. *Kyle*, 8 Allen, 300.

The case of *Shumway* v. *Carpenter*, 13 Allen, 68, was decided upon the ground that, the attachment having been dissolved by the insolvency of the debtor, the officer had no longer any interest in the subject matter of the contract, and therefore no right to enforce it in either form. No such defence exists in this case.

*Exceptions sustained.*