ELIAS W. STAPLES, ADMINISTRATOR, *vs.* JARED B. FILLMORE.

Certain partnership property was attached by a creditor of one of the partners. The other partner claimed the property as belonging wholly to himself, but signed a receipt for the same to the officer to prevent its removal, binding himself thereby to return the property on demand, pay a stipulated sum, or pay the judgment that should be recovered. After a judgment had been recovered against him on the receipt, he brought a petition in equity, showing that the debtor was indebted to the partnership more than his interest in its assets and had before the attachment conveyed all his interest for a valuable consideration to the petitioner, and praying for an ascertainment of the debtor's interest and an injunction against the collection of the judgment out of the petitioner. Held that the petitioner was not entitled to relief.

It would have made no difference if the debtor had never had an interest in the property; the petitioner would have been bound by the terms of the receipt.

BILL IN EQUITY, for an injunction against the collection of a judgment and for the ascertainment of partnership interest in certain attached and receipted property; brought to the Superior Court in Windham County. The respondent demurred to the bill, and the court (*Granger, J.,*) sustained the demurrer and dismissed the bill. The petitioner then brought the case before this court by a motion in error. The facts are sufficiently stated in the opinion.

*S. S. Thresher*, for the plaintiff in error.

*J. Halsey* and *S. Lucas*, for the defendant in error.

CARPENTER, J. The demurrer was properly sustained. The petitioner's intestate receipted property in the usual form which was attached as the property of one Huntoon. He thereby obligated himself to return the property to the officer, pay the value thereof, or pay the amount of the judgment that might be recovered by the attaching creditor. Judgment was recovered and demand was made for the property. He refused to deliver the property, pay the value, or pay the amount of the judgment. The officer brought an action upon the receipt and recovered judgment. The object of this petition is to enjoin the officer and all others interested from collecting the judgment, upon the ground that Huntoon was indebted to the

partnership more than his interest in its assets, and had for a valuable consideration conveyed all his interest to the petitioner, and that the petitioner denied at the time of the attachment all title of Huntoon to the property and signed the receipt only to prevent its being taken away by the officer. These facts do not entitle the petitioner to any relief in equity.

The fact that Huntoon had only a partnership interest in the property is not sufficient. If he had had none at all, that of itself would not have excused Staples from performing his contract. The validity of officers' receipts does not depend upon title in the attachment debtor. They are often given without reference to title, or even to the existence of the property therein named, being receipts for nominal property merely, the object being to secure the debt.

The fact that it will be a hardship for the petitioner, or those interested in the estate which he represents, is of no avail. It is always a hardship in one sense for a man who indorses a note for another, or signs a bond or other obligation as surety, to be obliged to pay the demand; but it is not a legal hardship, and no one ever supposed that a court of equity could relieve him of his legal liability.

The attempt in this way to settle the affairs of the partnership and compel the creditor to take only Huntoon's interest in the property attached cannot succeed. Admitting that his interest was that of a partner only, that fact is no defense to an action on the receipt and cannot now operate to avoid the judgment. Moreover this is not an appropriate proceeding for settling the affairs of a partnership. When the property was attached Staples might have protected his own interest, and limited the effect of the attachment to the interest of Huntoon. But failing to do that, and having taken upon himself the obligation of a receiptor, he must accept the legal consequences. Equity can give him no relief.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.