## STONE *v*. SLEEPER.

A receiptor of property attached, which is exempt from attachment, is not liable on his receipt when the debtor's possession of the property has not been disturbed, and the creditor has ·not been prevented from attaching other property or obtaining other security.

TROVER, for a horse. Facts found by a referee. The plaintiff, as deputy sheriff, attached the horse on a writ against C., as his property, and C. procured the defendant to receipt for it. Neither the plaintiff nor the defendant saw the horse · at the time of the attachment. The action in which it was attached went to judgment, on which execution issued, which was placed in the plaintiff's hands, who made a demand on the defendant for it, which was refused. The defendant defends because the horse was exempt from attachment. The horse was exempt from attachment, and remained in C.'s possession after the receipt was given.

*Barnard & Leach*, for the plaintiff.

*Fling*, for the defendant.

STANLEY, J. The horse was exempt from attachment. It was never in the plaintiff's possession. It has, since the receipt was given, remained ,in the debtor's possession. The plaintiff is not answerable to the debtor, and he is only answerable to the creditor when the property is subject to attachment. The liability of the defendant to the creditor is no greater than that of the plaintiff. The defendant is merely the bailee of the plaintiff. He is responsible for the safe-keeping and return of the property to the officer upon demand, and upon default in damages to the amount of the judgment, not exceeding the attachable interest of the debtor in the property. *Hill* v. *Wiggin*, 31 N. H. 292, 300 ; *Webster* v. *Harper*, 7 N. H. 594, 597 ; *Scott* v. *Whittemore*, 27 N. H. 310, 321.

It is claimed that when C. procured the defendant to receipt, he waived his right of exemption, and that the defendant cannot now be allowed to object that the horse was not attachable. It is open to the receiptor to show, under some circumstances, that the property receipted for was his own, and his title will constitute a good defence. *Clement* v. *Little*, 42 N. H. 564. If the receiptor is not estopped by his receipt to claim the property as his own—*Hills* v. *Buffum*, cited in 42 N. H. 570, *Barron* v. *Cobleigh*, 11 N. H. 557, and *Morse* v. *Hurd*, 17 N. H. 246, 250—or that it has gone to a person having a paramount title—*Webster* v. *Harper*, *Hill* v. *Wiggin*, and *Scott* v. *Whittemore*, *supra*—there is no reason apparent why, in the absence of any evidence that the officer or the creditor has

been prejudiced by the procurement of the receiptor by the debtor, it should be held that the debtor has waived his right to claim that the property receipted for was exempt from attachment, or that the receiptor was estopped to make the same defence. *Thayer* v. *Hunt,* 2 Allen 449; *Bacon* v. *Daniels,* 116 Mass. 474.

*Judgment for the defendant.*

ALLEN and SMITH, JJ., did not sit: the others concurred.