W. E. HAXTUN, *et al.*, V. E. W. SIZER, *et al.*

ATTACHMENT; *Practice; Estoppel; Error.*  In an action brought by H. &
Co. against S., certain personal property of the latter was attached.  An
undertaking was entered into with the sheriff by D. & Co., under § 199
of the code, which substantially admitted that the property belonged to
S.  The undertaking was conditioned that the property attached would
be forthcoming to answer the judgment of the court in the case of H. &
Co. v. S., or that in default thereof the obligors would pay to H. & Co.,
the appraised value of the property.  Upon the execution of the under-
taking, the property was returned to D., of the firm of D. & Co., in
whose possession it was found.  H. & Co. obtained judgment in the ac-
tion against S.  Five months after the execution of the undertaking, D.
& Co. filed an interplea, claiming the property attached belonged to
them, and asking the attachment be discharged as to the said property.
To this H. & Co. answered, alleging the giving of the undertaking, the
delivery of the property to D.; that D. & Co. converted the property to
their own use, and had failed to comply with the undertaking.  D. &
Co. demurred to the answer, and the court sustained the demurrer, and
discharged the levy of the attachment on the property.  *Held,* Error.
By the admission, promise and conduct of D. & Co., they are estopped
from denying that the property belongs to S.

*Error from Dickinson District Court.*

ON September 4th, 1877, *Haxtun* and *Ogden* commenced
their action in Dickinson county district court against *E. W.
Sizer*, for $2,724.34, money had and received by the defend-
ant to and for the use of the plaintiffs, and caused an order
of attachment to issue therein.  The order was levied by the
sheriff on a lot of wheat, which was appraised at $2,675.40.
An undertaking was entered into with the sheriff, signed by
M. Dively & Co., T. C. Henry and J. M. Fisher, under § 199
of the code; a copy of which bond is as follows:

BOND FOR DELIVERY.— Whereas, M. Nicolay, sheriff of
the county aforesaid, did, on the 4th day of September, A. D.
1877, attach the following property, to wit, 4,500 bushels of
red winter wheat found in the possession of M. Dively & Co.,
on an order of attachment issued from the district court of
said county by the clerk thereof, in an action wherein the said
W. E. Haxtun and George Ogden are plaintiffs and E. W.

Sizer is defendant, as the property of the said E. W. Sizer, and has caused the same to be valued in the sum of $2,675.40; and whereas, the said sheriff has delivered the said property to the said M. Dively & Co., now the undersigned do acknowledge ourselves to be bound to the said plaintiffs in the sum of five thousand three hundred and fifty and eighty one-hundredths dollars ( $5,350.80 ), that the said property so attached, to wit, four thousand five hundred bushels of red winter wheat, valued at the said sum of $2,675.40, shall be forthcoming to answer the judgment of the court in said action, or in default thereof we will pay to the said plaintiffs Haxtun and Ogden the said sum of $2,675.40, the appraised value of said property.           M. Dively & Co.
                                                    T. C. Henry.
                                                    J. M. Fisher.
    Approved by me, this 6th day of September, 1877.
                                            M. Nicolay, *Sheriff*.

Upon the execution of this undertaking, the attached property was returned to William Dively, in whose possession it was found.   On March 30, 1879, *Haxtun* and *Ogden* recovered judgment in their action against *Sizer* for $2,827.64, and costs of $104.95.   On February 28, 1878, M. Dively & Co. filed in the action an interplea, claiming as their property all the wheat attached, and for which the forthcoming undertaking was given by them and others.   To this, *Haxtun* and *Ogden* made answer, alleging the execution of the bond or statutory undertaking, the delivery of the wheat to William Dively, and further, that the obligors had not returned the property to the sheriff, that the interpleaders had converted the property attached to their own use, and had in no manner complied with the conditions of the undertaking.   To this answer, the interpleaders demurred.   On September 28, 1878, the court sustained the demurrer, and discharged the levy of the attachment on the wheat.   The effect of this order was to discharge, also, the undertaking, and deprive *Haxtun* and *Ogden* of all benefit under the levy.   *Haxtun* and *Ogden* duly excepted to the orders and judgment of the court, and bring the case here.

*McClure & Humphrey*, for plaintiffs in error.

*J. R. Burton*, for defendants in error Dively & Co.

The opinion of the court was delivered by

HORTON, C. J.: The demurrer was improperly sustained. By the execution of the undertaking and receiving back the wheat, Dively & Co. admitted that the property was attached as the property of E. W. Sizer, and promised it would be forthcoming to answer the judgment of the court in the action of Haxtun and Ogden against Sizer. By such admission, promise and conduct, they are precluded from alleging property in themselves; therefore the answer of Haxtun and Ogden sets forth a valid defense to the interplea. The principle thus stated was decided in *Sponenbarger v. Lemert,* ante, p. 62. In that case one Lemert obtained a judgment before a justice of the peace against George French. The justice issued an execution on the judgment, and placed it in the hands of a constable for collection. The constable levied the execution upon certain personal property as the property of French. The property was left in the possession of French, the constable taking a redelivery bond executed by French and one Samuel Biard. Afterward, Biard claimed the property belonged to him, and not to French. Mr. Justice VALENTINE, in speaking for the court, said: "The giving of the redelivery bond by Biard and French, in which they substantially admitted that the property belonged to French, estopped Biard from denying that the property belonged to French. . . . Parties cannot be allowed to gain advantages (the possession of the property levied on) by making admissions, and then to deny the truth of such admissions to the injury of others, who relied upon their truth, and who had a right to rely thereon." *Bursley v. Hamilton,* 15 Pick. 40; *Jones v. Peasley,* 3 G. Greene (Iowa), 52; *Staples v. Fillmore,* 43 Conn. 510. See also *Rutledge v. Corbin,* 10 Ohio St. 478.

The order and judgment of the district court will be reversed.

All the Justices concurring.