## FRANK WOLF, *et al.*, v. FRED. HAHN.

ATTACHMENT; *Forthcoming Bond; Estoppel.* When an order of attachment against property of A, is levied upon personal property in possession of B, and B thereafter procures the execution of a forthcoming bond by C, and the property is then returned to possession of B, *held*, that such bond is in law the obligation of B; and that both B and his surety C are thereafter estopped to deny that the property so attached and bonded was the property of A.

*Error from Bourbon District Court.*

AT the May Term, 1882, of the district court, *Hahn*, as plaintiff, had judgment for $110 and costs, against defendants *Wolf* and another, who bring the case here. The opinion states the facts.

*A. A. Harris,* for plaintiffs in error.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are briefly as follows: On October 28, 1881, one Rhoda Parkin commenced an action against Jacob Poorman. In such action an attachment was issued and levied upon certain personal property then in possession of defendant in error, Fred. Hahn. After the levy had been made, Hahn went to one W. F. Wells and induced him to execute a redelivery bond for the forthcoming of the property, or its appraised value, to answer the judgment. Thereupon the constable returned the property to Hahn, who kept it in his possession until after judgment had been rendered in the Parkin-Poorman case, and then delivered it to the constable, by whom it was sold. After the sale, Hahn commenced his action against the constable to recover the value of said property; and the single question in this case is, whether he can maintain such action. Unquestionably, under the authority of the cases of *Sponenbarger v. Lemert,* 23 Kas. 55, and *Haxtun v. Sizer,* 23 Kas. 310, if plaintiff had signed the redelivery bond, he would have been estopped from denying that the property belonged Poorman. See also the following cases: *Hauness v. Bonnell,* 23 N. J. L. 159; *Bacon v. Daniels,* 116 Mass. 474; *Gray v. McLean,* 17 Ill. 404; *Dorr v. Clark,* 7 Mich. 310; *Staples v. Fillmore,* 43 Conn. 510. As was said by this court in the first cited case:

"When a redelivery bond is given, the constable and the judgment creditor have a right to believe as against the parties giving it, that the property belongs to the judgment debtor, and that it will be returned to the constable on or prior to the day set for sale of the property. But if it is not so returned, then the satisfaction of the judgment is delayed if not defeated, with much loss and inconvenience to the constable and judgment creditor."

We think the same rule obtains in this case, though plaintiff did not sign the bond, for it was executed at his instance and for his benefit alone. The property was in his possession

at the time of the levy. He procured the bond to be executed, and the property was returned to him and remained in his possession until after the judgment. Wells, who signed the bond, was in fact only plaintiff's security. The statute under which this proceeding was had, (Compiled Laws 1879, p. 707, §33,) provides that "the constable shall deliver the property attached to the person in whose possession it was found, upon the execution by such person, in the presence of the constable, of an undertaking to the plaintiff, with one or more sufficient sureties," etc. The plaintiff was the party in whose possession the property was found; the only one entitled to the benefit of the statute; the only one who received any benefit from the transaction. It was in law his undertaking, with Wells simply as surety, and he may not now repudiate the obligations assumed by such undertaking. The maxim, *Qui facit per alium, facit per se*, applies with full force to the action of plaintiff in failing to recognize and apply this doctrine. The district court erred, and for this error the judgment must be reversed, and the case remanded for a new trial.

All the Justices concurring.