| 20 | 111 |
|----|-----|
| 40 | 317 |
| 20 | 111 |
| 47 | 209 |
| 20 | 111 |
| 52 | 295 |
| 53 | 28 |
| 20 | 111 |
| 95 | [2]125 |
| 95 | [2]126 |

BRADLEY HUBBARD MANUFACTURING COMPANY, Respondent, v. HEMAN L. BEAN, Defendant; JAMES L. SCOTT, Trustee, Interpleader, Appellant.

Kansas City Court of Appeals, January 4, 1886.

1. PRACTICE—FINAL JUDGMENT—RECORD.—Where it is claimed that an interplea was improperly filed, on the ground that it was filed after a final judgment had been rendered in favor of the plaintiff in a suit by attachment; and the record fails to show that such was the fact, this court is bound by the record.

2. ATTACHMENT — DELIVERY BOND — INTERPLEA — WHETHER INTERPLEADER ESTOPPED BY GIVING BOND—CASE ADJUDGED.—In a proceeding, by attachment, against one Heman L. Bean, the writ was executed by levying upon, seizing and attaching all the right, title and interest of said Bean in a certain stock of goods. At the time of said levy and seizure, one James L. Scott, claiming said goods as trustee, by written notice verified by affidavit, and for the purpose of reclaiming possession thereof, executed his forthcoming bond for said goods, with security. Afterwards, and before the cause came on for trial, the said Scott asked and obtained leave to interplead for the property attached, and filed said interplea, claiming the property attached as trustee for Emma S. Bean. Upon the trial

of the interplea the court gave an instruction for the plaintiff in the nature of a demurrer to the evidence, upon the ground, apparently, that the interpleader having given a forthcoming bond, was estopped from coming in, afterwards, and asserting ownership to said property. *Held*, error; and that, under the circumstances in evidence, said Scott was *not* estopped from claiming the property by interplea.

3. —— INTERPLEADER—WHEN NO CLAIM OF PROPERTY MADE—WHEN CLAIM IS MADE.—Where one having property in his possession upon the seizure of it by the sheriff as the property of a third party, makes no claim to the property as his own, and gives bond for its re-delivery, he would be estopped from laying claim to the property, as his own, in any proceeding. But if, instead of this, he gives written notice of his claim, verified by affidavit, and this is certified by the sheriff in his return to the writ, there can be no estoppel against his right to assert his claim to the property by interplea. *Schwein v. Sims*, 2 Metcalf (Ky.) 209; Rev. Stat. Mo., sect. 421, 449. The interplea is required to be filed before final judgment in the attachment, and tried before adjudication "upon the matter in dispute between the other parties."

4. —— CHARACTER OF RIGHT TO INTERPLEAD.—The right to interplead under our statutes, "is in the nature of an action of replevin, engrafted upon a suit by attachment." And where the interpleader has notified the sheriff of his right to the property seized, he is not estopped by the execution of a forthcoming bond from claiming the property by interplea. The filing of the interplea is equivalent to what the surrender of the property would have been, had the property been surrendered to the sheriff and an action in replevin had then been brought.

APPEAL from Jackson Circuit Court, HON. TURNER A. GILL, Judge.

*Reversed and remanded.*

*Motion for re-hearing denied.*

Statement of case by the court.

This is an attachment suit. Under the writ of attachment the sheriff seized as the property of the defendant, certain property in the hands of the interpleader. At the time of the said seizure the interpleader gave to the sheriff the following notice in writing:

"To John C. Hope, sheriff of Jackson county, Missouri: Take notice, that I claim as my property the

goods and chattels levied upon by you as the property of Heman L. Bean, by virtue of an execution issued in favor of the American Cutlery Company, against the said defendant in execution.

"JAMES L. SCOTT, Trustee.

"KANSAS CITY, Mo., August 4, 1882.

"Subscribed and sworn to before me this fourth day of August, 1882.

[SEAL.]          "THEODORE WININGHAM,
                                "Notary Public."

The seizure having been made by the sheriff, the interpleader gave to the sheriff the following forthcoming bond, and retained the property:

"BOND.

"We, James L. Scott, trustee, as principal, and E. V. Wilkes and R. J. O. Hunter, as securities, are bound unto John C. Hope, sheriff of Jackson county, Missouri, his successors in office and assigns, in the sum of $2,000, to the payment of which we bind ourselves, our heirs, executors and administrators.

"The condition of this bond is, that, whereas, the said John C. Hope, sheriff of Jackson county, Missouri, has, by virtue of a writ of attachment issued by the Jackson county circuit court, in favor of the 'American Cutlery Company' against Heman L. Bean, attached as the property of the said Heman L. Bean, the goods described in the statement hereto attached and marked 'exhibit A,' and made a part of this bond. Now, if the said James L. Scott, trustee, shall have the property forthcoming, when and where the said Jackson county circuit court shall direct, and shall abide the judgment of said court in regard thereto, then this bond to be void; otherwise to be in force.

"Witness our hands and seals this fourth day of August, 1882.

"JAS. L. SCOTT,     [SEAL.]
"E. V. WILKES,     [SEAL.]
"R. J. O. HUNTER, [SEAL.]"

The return of the sheriff showed that "one James L. Scott, claiming said goods as trustee for Mrs. Emma S. Bean, and desiring to retain possession of said goods, has executed to me his forthcoming bond for said goods, with E. V. Wilkes and W. J. Scott, as security," etc.

The levy and seizure were made by the sheriff in August, 1882. On the fifteenth day of December, 1882, the court gave the interpleader leave to file his interplea, which was accordingly done.

Judgment was rendered in favor of the plaintiff on the issues in the interplea, and the interpleader has appealed to this court.

WILLIAM J. SCOTT, for the appellant.

I. The interpleader had the right to interplead. Sect. 449, Rev. Stat.

II. The giving of a delivery bond does not take away the right to a trial of the right of property, when a *claim* is interposed; and the interpleader is not thereby estopped to deny the defendant's right to the property. *Waterman v. Ryan*, 21 Mo. 108 ; *Williams v. Morgan*, 50 Wis. 548 ; *McElfatrick v. McCauley*, 15 Mo. App. 102, and cases cited ; *Perry v. Williams*, 39 Wis. 339, and cases cited ; *Heath v. Keyes*, 35 Wis. 668 ; *Rogers v. Bishop*, 9 Gray (Mass.) 225, 30 N. J. Law, 182 ; *Page v. Butler*, 15 Mo. 71 ; *Purcell v. Steele*, 12 Ill. 83.

III. The trial here was interpleader's right to the property, and if there was any evidence that it was his (as trustee), the case should have gone to the jury. *McFarlane v. Bellows*, 49 Mo. 311 ; *Bowen v. Lazalere*, 44 Mo. 383 ; *Williamson v. Fisher*, 50 Mo. 198 ; *Nolan v. Schiekle*, 3 Mo. App. 300 ; *McKown v. Craig*, 39 Mo. 156 ; *Frick v. R. R.*, 75 Mo. 595.

PEAK & YEAGER, for the respondent.

I. The court erred in permitting the appellant to file his interplea. If he ever had the right to interplead he waited too long. Sect. 449, Rev. Stat.; *McElfatrick v. McCauley*, 15 Mo. App. 102.

II.   The interpleader having given a re-delivery, or forthcoming bond, in compliance with the statute, where the property is attached in the hands of a third person, is estopped from coming in afterwards, and asserting the ownership of said property. Sect. 421, Rev. Stat.; *Sponenberger v. Lemert*, 23 Kas. 55 ; *Haxton v. Sizer*, 23 Kas. 310 ; *Wolf v. Hahn*, 28 Kas. 588; *Case v. Steele*, 8 Pac. Rep. 242 (October 9, 1885) ; Drake on Attachments, (5 Ed.) sect. 340, *et seq.*

III.   Under the pleadings and evidence the court committed no error in instructing the jury to find the issues in favor of plaintiff.   The judgment should be affirmed.

IV.   The decision in *Case v. Steele* is a full and exhaustive discussion of the question, and all the authorities are cited.   The case of *Waterman v. Frank* (21 Mo. 108), upholds the position here taken.   In *McElfatrick v. McCauley, supra*, that case (*Waterman v. Frank*), is quoted, as in terms, holding the doctrine here contended for.

## I.

HALL, J,—The plaintiff contends that the interplea was improperly filed in this case, it having been filed after a final judgment had been rendered in favor of the plaintiff in the attachment suit.   The record fails to show that such was the fact, and we are bound by the record.

## II.

The only other question presented and argued by counsel is, whether the interpleader by giving the forthcoming bond to the sheriff, under the circumstances in evidence, was estopped from claiming the property by interplea.   Upon this question the case, it seems to be conceded, depends.   The trial court held that the interpleader was so estopped.   Was that holding correct? It is apparent that the facts of this case do not bring it

within the principle of the case of *Dicksan v. Anderson & Thompson* (9 Mo. 155). The bond in this case does not recite that the property levied upon is the property of the defendant. And, besides, this is not a proceeding upon the bond.

Inasmuch as the bond contains no recital that the property seized is the property of the defendant, if there is an estoppel, it is an estoppel, not by deed, but *in pais*. If this were an action on the bond it would fall within the rule enunciated in *Page & Bacon v. Butler et al.* (15 Mo. 76). In that case it was said, "we hold, that the claimant of property levied on by virtue of its delivery, can only avail himself of his claim by complying with the conditions of the bond, delivering the property at the time and place required, *and making his claim to it*. If he suffers a forfeiture, he cannot by a future successful assertion of his claim, avoid the consequences."

In that case it was said further, "the determination of this case is based upon the principle recognized in courts of many of our sister states, that when goods seized under execution, are delivered to a third person, on his giving a receipt, promising to re-deliver them on a given day, and the receiptor refuses to comply with his promise, claiming that the goods, at the time of the levy and receipt, were his own, he is estopped from setting up title in himself, in an action on his undertaking." Among other cases cited in support of the above principle was the case of *Bursely v. Hamilton* (15 Pick. 40). In the latter case it was said, "but if the promise had been complied with, had the defendant delivered over the goods agreeably to his contract, he might then have brought his action of replevin, trespass or trover, to try his right of property. He would no longer be estopped by his contract and the implied admission contained in it, and upon proving title in himself, as he has proved it in the present action, he would have recovered the goods or their value." It would thus seem that the interpleader, by reason of the bond, would only have been estopped from

setting up title in himself, in an action on the bond, and not at all in an action by him for the purpose of trying his right to the property.

But had the interpleader, upon the seizure of the property in his possession by the sheriff, as the property of the defendant, made no claim to the property as his own and had given the bond in evidence, he would, it may be conceded in this case, have been estopped from laying claim to the property as his own in any proceeding. And this would be on the general principle, that will not permit one, who sees his property sold as the property of another without objection or notice of his rights, to afterward assert his claim. Although such application of this general principle is supported by the decisions of many courts of weight and authority, it may well be doubted whether the principle has any application, except where the party for whose benefit the bond is given may have been misled thereby and in consequence thereof taken some action, which would cause injury to him should the claimant be permitted to assert his claim. *Welland Canal Co. v. Hathaway* (8 Wend. 483), and dissenting opinion of Bronson, J., in *Dezell v. Odell* (3 Hill 220). But, as before said, conceding, in this case, that the interpleader would, on the said principle, have been estopped in the case supposed, it is not perceived how that principle can have any application to the real facts of this case, because, in this case, the interpleader did give written notice, verified by his affidavit, of his claim to the property seized by the sheriff, and the sheriff in his return of the writ of attachment certifies to the fact of the claim having been made by the interpleader.

It would seem that, upon principle and upon the authority of the cases of *Page & Bacon v. Butler et al.*, and *Bursley v. Hamilton, supra*, there can be no estoppel against the interpleader's right to assert his claim to the property in this manner. But we are not without adjudication upon the identical question. In Kentucky a similar question arose under the following statutes: By

section 235, civil code, any one in possession of attached property may retain it by executing a bond with good surety "that the defendant shall perform the judgment of the court in the action, or that the property or its value shall be forthcoming, and subject to the order of the court for the satisfaction of such judgment." By section 257, of said code, "any person may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, or of any attached debt, present his petition, verified by oath, to the court, disputing the validity of the attachment, or stating a claim to the property, or to an interest in or lien on it under any other attachment, or otherwise, and setting forth the facts on which such claim is founded, and his claim shall be investigated." In an attachment suit certain hogs were seized by the sheriff as the property of the defendant, they being at the time in the possession of one Howard. The hogs were left in Howard's possession upon his executing a bond, the undertaking of which was "that the defendant, Thomas Sims, shall perform the judgment of the court in this action, or that the undersigned, Joseph Howard, will have the seventy-five hogs attached in this action, or their value, four hundred and twelve dollars, forthcoming and subject to the order of the court for the satisfaction of such judgment." The court held that Howard was not estopped from asserting in the attachment suit, in the statutory manner, his title to the hogs, by reason of the bond. *Schwein v. Sims et al.*, 2 Metc. (Ky.) 209.

Our statutes in this state, bearing upon the question, are as follows: Section 421, Revised Statutes : " When property of the defendant, found in his possession, or in the hands of any other person, shall be attached, the defendant or such other person may retain the possession thereof, by giving bond and security, to the satisfaction of the officers executing the writ, to the sheriff, his successor, or their assigns, in double the value of the property attached, conditioned that the same shall be forthcoming, when and where the court shall direct, and shall abide the judgment of the court."

Section 449, Revised Statutes: "Any person claiming property, money, effects, or credits attached, may interplead in the cause, verifying the same by affidavit, and issues may be made upon such interplea, and shall be tried as like issues between plaintiff and defendant and without delay."

By his interplea the interpleader in no way violated any of the terms of the bond. By the interplea he did not attempt to dispose of the property contrary to the direction of the court, or any judgment that might be rendered by the court. On the contrary, by his interplea the interpleader asked the court to render judgment in the case in favor of his right to the property. Had such judgment been rendered it would hardly have been contended that the interpleader would have failed to comply with the obligations of the bond.

The bond was required in order that the property should be forthcoming so as to abide any order the court might make in the case. The judgment of the court was to be in accordance with the rights of all the parties in interest. By his interplea the interpleader placed the property subject to the order of the court, which was a compliance with, and not a violation of, the terms of the bond. And especially is this so when we consider that the interplea had to be filed before final judgment in the attachment suit (*McElfatrick v. McCauley et al.*, 15 Mo. App. 102), and that, upon having been filed, it should have been tried before adjudication "upon the matter in dispute between the other parties." *Ladd et al. v. Couzins*, 35 Mo. 516.

Again, we have said that, had the interpleader delivered the property referred to in the bond to the sheriff, he might have maintained an action in replevin immediately after such delivery. The execution of the bond would not have deprived the interpleader of the right to assert his right to the property in such an action. But the right to interplead under our statutes "is in the nature of an action of replevin engrafted upon a suit by attachment. *Burgert et al. v.*

*Borchert et al.,* 59 Mo. 85. And we hold that in this case, under the circumstances in evidence, the interpleader having notified the sheriff of his right to the property seized, the interpleader was not estopped, by the execution of the bond in proof, from claiming the property by interplea. The filing of the interplea is equivalent to what the surrender of the property would have been, had the property been surrendered to the sheriff and an action in replevin had then been brought.

In *Haxtom v. Sizer* (23 Kas. 310) and *Wolf v. Hahn* (28 Kas. 588), the interpleader made no claim to the property at the time of the execution of the delivery bond. And we think that fact makes a material distinction between those cases and this case. But, if there be a conflict between those cases and the views herein expressed, we adhere to those views for the reasons given.

The judgment is reversed and the cause is remanded. All concur.

### ON MOTION FOR RE-HEARING.

Per Curiam.—The appellant has filed in this case an abstract of the record. The respondent has filed no counter abstract. In the absence of such counter abstract we assume that the appellant's abstract is correct. To that abstract we confine ourselves, as if it were the record itself. From that abstract it does not appear that judgment had been rendered in the main attachment suit, prior to the filing of the interplea by the appellant.

We adhere to the position, taken by us in the opinion, that under the facts of this case there is no estoppel against the appellant. We have great respect for the opinion of the court, which decided the case of *Cose et al. v. Steele et al.* (8 Pacific Reporter 244), but do not, of course, feel bound by it.

The motion for re-hearing is denied.