(No. 14765.—Judgment affirmed.)

ANTON J. CERMAK, Defendant in Error, *vs.* F. R. SCHAAF *et al.*—(NANDA H. BLUM, Plaintiff in Error.)

*Opinion filed April 18, 1923.*

1. ATTACHMENT—*court may proceed to judgment notwithstanding interpleader of alleged owner.* Where an alleged owner of the property files an interpleader in an attachment proceeding it is the better practice to first settle the matter of the interpleader; but the court may proceed to judgment in attachment notwithstanding the interpleader, as it has ample power to protect the true owner from sale of the property under the attachment in case the issues as to ownership are found for him on his interpleader.

2. SAME—*liability of party to forthcoming bond.* A party giving a bond that the property attached "shall be forthcoming to answer the judgment" does not thereby become personally liable for the debt which forms the basis of the attachment suit but undertakes to produce the property attached in case judgment on attachment is rendered.

3. SAME—*alleged owner filing interpleader is not required to give forthcoming bond.* A party claiming to be the owner of the property attached and being in possession thereof is not required to give a forthcoming bond on filing an interpleader.

4. SAME—*obligor in a forthcoming bond cannot set up title in himself as against the plaintiff in attachment.* An obligor under a forthcoming bond who is bound by the terms of his bond to deliver the property in accordance with the judgment of the court in an attachment suit cannot be heard to set up title in himself adversely to the claims of the plaintiff in attachment.

5. SAME—*when surety is liable on forthcoming bond.* If a person claiming to be the owner of attached property chooses to give a forthcoming bond for the purpose and convenience of retaining possession of it pending the determination of the attachment issue,

both he and his surety are liable on the bond if they fail to produce the property to answer the attachment judgment, and the existence of an interpleader filed by the obligor and undisposed of is no defense to a suit on the bond.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding.

GOOD, CHILDS, BOBB & WESCOTT, (BENJAMIN F. RICHOLSON, of counsel,) for plaintiff in error.

KELLY, FRIEDMAN, SCHWARTZ & DOYLE, (LINCOLN R. CLARK, and ULYSSES S. SCHWARTZ, of counsel,) for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

Defendant in error, for use of Seligsberg & Co., brought suit in the superior court of Cook county against the plaintiff in error and F. R. Schaaf on a forthcoming bond in the sum of $8000, with Schaaf as principal and plaintiff in error as surety. The bond was given to the bailiff of the municipal court of Chicago, to retain the custody of one automobile and four automobile tires, and was conditioned as follows: "The condition of this obligation is such, that whereas on the 7th day of August, A. D. 1918, a certain writ of attachment in aid issued out of the municipal court of Chicago at the suit of Albert J. Seligsberg, Henry C. Ross and Edgar Hellman, co-partners doing business as Seligsberg & Co., plaintiffs, against the estate of Thomas T. Snell, defendant, directed to the bailiff of the municipal court of Chicago to execute, by virtue of which said writ the said bailiff, Anton J. Cermak, has attached the following described property, to-wit: One Rolls-Royce automobile and four automobile tires. And the said F. R. Schaaf, in whose possession the said property was found, being desirous of

retaining the custody thereof according to the provisions of the statute, now, if the said estate and property shall be forthcoming to answer the judgment of the court in said suit, then this obligation to be void, otherwise to remain in full force and effect." The bond was given on the 9th day of August, 1918, and on the 15th day of August thereafter Schaaf filed an interpleader in the attachment suit, claiming to be the owner of the automobile mentioned in the bond. Seligsberg & Co. secured judgment in the municipal court in their suit against the estate of Snell in the sum of $9083.40, and since Schaaf and plaintiff in error did not produce the property mentioned in the bond to answer the judgment secured by plaintiffs in their action in the municipal court, this suit was brought on the forthcoming bond. Schaaf could not be found, and service being had on the plaintiff in error, the suit proceeded against her. The superior court entered judgment against her in the sum of $8000. That judgment was affirmed by the Appellate Court, and the cause comes here by writ of *certiorari*.

It is first contended that the bond was conditioned upon the judgment of the court on the question of ownership raised by the interpleader, and that this was the judgment referred to in the bond and not the judgment in the attachment suit, and that since at the time of the trial of the cause herein the issues raised on the interpleader filed by Schaaf has not been determined, there is no liability on the bond. The bond was in express terms conditioned upon producing the property to answer the judgment of the municipal court on the suit of Seligsberg & Co. The interpleader in the suit in the municipal court was not filed for nearly a week after the bond was executed. We are unable to see how it can be said that the bond was given to produce the property mentioned therein to satisfy the judgment of the municipal court on the interpleader, for the reason that no interpleader had been filed when the bond was given and no issue of ownership of property had then been raised. More-

over, it is provided by section 29 of the statute on attachments that one claiming ownership by interpleader in a case of this character does so without giving a bond. The issue raised by the interpleader was not involved in the suit between Seligsberg & Co. and the estate of Thomas T. Snell. While it would have been better practice to have first settled the matter of the interpleader and then render judgment on the attachment suit such is not required to be done. The court had ample power to protect the true owner from sale of the property under the attachment in case the issues as to ownership were found for him on his interpleader; and this is true though judgment in the original suit is entered before determination of the issues raised by the interpleader. *Juilliard & Co.* v. *May,* 130 Ill. 87.

Section 14 of the Attachment act provides that the officer shall retain the property attached to await the judgment of the court in an attachment suit, and to answer that judgment if it be for the plaintiff, unless the person in whose possession the property may be found shall give a bond to the officer levying the attachment, conditioned that the property attached "shall be forthcoming to answer the judgment of the court in said suit." The party giving such bond does not become personally liable for the debt which forms the basis of the original suit, but undertakes to produce the property attached in case judgment on attachment is rendered on such original suit. Plaintiff in error and Schaaf were not required to give any kind of bond on filing an interpleader in order to protect their right and title in the property attached, and no reason is disclosed why they gave this forthcoming bond.

No case on all-fours with the one at bar has previously been before this court. In *Crisman* v. *Matthews,* 1 Scam. 148, and *Gray* v. *MacLean,* 17 Ill. 404, the defendant in the attachment suit gave a forthcoming bond, and in a suit thereon pleaded that the property did not belong to him but to a third person. This court in those cases held that it

was not admissible for the defendant in the attachment suit, who had given the forthcoming bond, to deny that the property belonged to him; that having given the bond the defendant thereby became custodian of the property for the sheriff and was bound to keep it in good faith, as he had stipulated.

In *Foltz* v. *Stevens,* 54 Ill. 180, the liability of one who has given a forthcoming bond, or a bond as bailee, to the officer is discussed, and it is there held that even a trial of the rights of property finding the ownership of the property levied upon to be in a third person does not authorize the bailee or the obligor in the forthcoming bond to surrender the property to anyone other than is provided in the bond; that having undertaken to return the property to the officer he is required so to do.

In *Dehler* v. *Held,* 50 Ill. 491, it was held that one who gives a forthcoming bond must produce the property as required by the bond, except where the production of such property is rendered impossible by the act of God or the public enemy. It was pleaded that a mortgagee under a chattel mortgage in existence at the time of the issuance of the attachment reduced the property to possession under the mortgage, and therefore the defendant could not produce the same, as required by his bond. It was there held that since by paying the mortgage the defendant could have prevented the property being taken from him, it was not impossible to prevent the breach of the conditions of the bond, and a breach resulted. It was also held that the amount of the chattel mortgage could be shown in mitigation of damages in an action for breach of the forthcoming bond.

An examination of the authorities in other States shows them not to be in entire accord on the question presented in this case. It was held in *Johns* v. *Church,* 12 Pick. 1257, and *Bleven* v. *Freer,* 10 Cal. 172, that one who gives a forthcoming bond is bound at all events to surrender the property according to the terms of the bond, but having

done so, and thus discharged the bond, he may, by inter-
pleader or otherwise, claim title in himself. The courts of
a number of States have held that the liability of one who
gives a forthcoming bond depends upon the liability of the
officer holding the writ, and if the property is not, in fact,
subject to attachment but has passed into the hands of its
rightful owner, the officer not being liable to the plaintiff in
attachment, the obligor in a forthcoming bond is not liable
to the officer. In the larger number of States in this coun-
try, however, the rule has been laid down that where the
obligor under a forthcoming bond is bound by the terms
of his bond to deliver the property in accordance with the
judgment of the court in an attachment suit, he cannot be
heard to set up title in himself adversely to the claims of
the plaintiff in attachment. (*Staples* v. *Fillamore,* 43 Conn.
510; *Morrison* v. *Blodgett,* 8 N. H. 238; *Pearce* v. *Whit-
ing,* 63 Cal. 538; *People* v. *Reeder,* 25 N. Y. 302; *Hax-
tun* v. *Sizer,* 23 Kan. 310; *Dorr* v. *Clark,* 7 Mich. 310;
*Bacon* v. *Daniels,* 116 Mass. 474; *Hooper* v. *Davis Mills
Co.* 48 Neb. 420; *Johnston* v. *Oliver,* 51 Ohio St. 6.) This
rule is not only supported by the weight of authority in
this country but likewise by reason. The law does not ob-
ligate anyone claiming property levied upon to bond such
property, and if he chooses so to do for the purpose and
convenience of retaining possession of it pending the settle-
ment of issues pertaining to the attachment, it is his own
folly if he unwisely do that which he is not required, in
order to protect himself, to do. There is no injustice in
the rule.

Whether or not the rule should be as held in *Haxtun* v.
*Sizer, supra,* that one not a defendant in the attachment
suit who gives a forthcoming bond is estopped to set up by
interpleader in that suit a claim of ownership of the prop-
erty in himself does not arise in this case. No question
was made in the attachment suit of the right of Schaaf to
file an interpleader. The issues of the interpleader were

pending in that suit. The question whether or not Schaaf during the pendency of the attachment suit might be heard on his interpleader after giving the forthcoming bond does not, therefore, arise in this case. This is an action on the bond. It is admitted that the interpleader is still pending in the municipal court in the attachment suit though judgment has been entered in that suit, and the pendency of the interpleader there is urged as a defense to this action. Without regard to whether the plaintiff in error might have been protected by pursuing the interpleader in the municipal court, it is evident under the rules here stated that the existence of such interpleader, undisposed of, does not constitute a defense against an action on the bond for breach of the duty of plaintiff in error to produce the property as required by the bond. Having executed it, the plaintiff in error and Schaaf assumed the obligation of producing the property to answer the judgment of the court in the original suit should such be rendered against the defendant therein. They thus became custodians of the property for the bailiff and were bound to keep and produce it in good faith, as they had stipulated to do.

It is also urged by the plaintiff in error that the judgment in this case is excessive; that while the bond was for the sum of $8000 the judgment entered herein was for $9726.81. The record, however, discloses that the verdict of the jury found plaintiff's damages to be $9726.81 and the amount of the debt $8000. The judgment entered by the superior court was that the plaintiff "do have and recover of and from the defendant, Nanda H. Blum, his said debt of $8000, in form as aforesaid by the jury found due, together with his costs and charges in this behalf expended." It is not contended that the property is not worth the amount of the bond.

There being no error in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*