Putnam J.
delivered the opinion of the Court. The plaintiff c.jiaims the property under two mortgages from Sperry. Tb/e defendant claims it as belonging to Sperry, and liable to taken and levied on by process of law for the payment of y'iiis debts. The mortgages were produced, and it was con- / tended by the defendant, that they were fraudulent as against creditors, or if not, that they had been satisfied. They appear to have been given as collateral security, to indemnify the plaintiff from liability as surety for Sperry on a note to Eli Barnes, of September 30, 1829, for $236. But the plaintiff produced such a note for the sum of $ 256, and not $ 236 ; and then offered evidence to show that this was the only note that he ever signed as surety for Sperry, and that the mortgage had not been discharged, but that the plaintiff was still liable to the payment of the debt thus payable to Barnes.
It was objected that this is contradicting the writing by parol evidence.
We should here consider what were the questions to which this evidence applied. They were, whether the mortgages were fraudulent, and whether they had been paid. As between the parties to the note and mortgages, it was certainly competent to correct any mistake that had arisen in the conveyancing. The mistake would not make the transaction fraudulent.
But the defendant contended, that as no note was produced exactly corresponding with that mentioned in the mortgages, the presumption would be, that there was such a note once in existence, but that it had been paid or discharged.
It was, we think, perfectly competent for the plaintiff to rebut this presumption by the parol evidence which was offered, that he never did sign as surety any other note than that for $ 256, and that his liability continued on that note. It was a broad question of fraud, or of payment and discharge ; and such evidence, we think, was clearly applicable, especially between the parties who are now contending.
Then it is said, that the plaintiff is estopped by the accountable receipt which he gave to the defendant; which has been *568 delivered up as having accomplished its object \ We think not, and for the reason suggested, viz. that the contract has been performed, and that the estoppel should not extend beyond the terms and duration of the contract or accountable receipt. The plaintiff agreed to hold that property as it claimed by the defendant under his attachment, as the proj erty of Sperry, until it should be delivered. If the defendant had demanded the property and the plaintiff had set up in defence that it belonged to himself and not to Sperry, he would not have been permitted to avail himself of such defence, contrary to his engagement to keep the goods until the defendant should call for them as the property of Sperry.[1] But the plaintiff has delivered the property to the defendant in full discharge and performance of his contract. And we think that the officer then held the property as when he originally attached it. If it really belonged to Sperry, the attaching creditor will hold it; if it really belonged to the plaintiff, he shall hold it, and his mouth shall not be shut against any explanation that he may offer, for admitting that for a time he held it as the property of Sperry. It would be a strong fact against him, but not conclusive. It would be analogous to the case of a man’s taking a lease for a year, of his own land ; during the year he shall not question the title of his landlord ; but after the year he may set up his legal right against him who had been the landlord, as well as against any other persons.
The plaintiff in the case at bar has succeeded in disproving the allegations of fraud, and of settlement of these mortgages. The attaching creditor knew from the beginning, (that is, before he made his attachment,) of the nature of the plaintiff’s claim. He took the property subject to the plaintiff’s rights. When it was redelivered to the defendant, explanations to this effect were made. There has been no concealment on the part of the plaintiff... And upon the whole matter the Court is of opinion, that the judgment should be rendered according to the verdict.

 Bursley v. Hamilton, 15 Pick. 40; Robinson v. Mansfield, 13 Pick. 144. But see Fisher v. Bartlett, 8 Greenl. 122; Webster v. Harper, 7 N. H. R. 594. So, the receipter, in an action by the officer, upon the receipt, cannot be permitted to prove, that the goods were not actually attached by the plaintiff *569 Lowry v. Cady, 4 Vermont R. 504; Spencer v. Williams, 2 Vermont R. 209; (Men v. Butler, 9 Vermont R. 122; Morrison v. Blodgett, 8 N. H. R. 255. See Wakefield v. Stedman, post, 562.