R. C. CAMP AND R. L. ANDERSON AS INTERVENING DE-FENDANTS, *Appellants,* v. THE STATE OF FLORIDA BY G. W. SCOFIELD, STATE ATTORNEY, AND THE CITY OF OCALA, A MUNICIPAL CORPORATION, *Appel-lees.*

Opinion filed March 29, 1916.

CURATIVE ACTS—CONSTITUTIONALITY OF CHAPTER 7205 ACTS OF 1915—LEGISLATURE MAY AUTHORIZE ISSUE OF BONDS BY MU-NICIPALITY FOR MUNICIPAL PURPOSES WITHOUT ANY VOTE THEREFOR BY THE ELECTORATE OF SAID MUNICIPALITY.

1. Chapter 7205 approved June 4th, 1915, is not obnoxious to the Constitution on the alleged ground that part of its subject-matter is not expressed in its title. Neither is it in violation of the constitution by divesting the appellants of any vested rghts to an alleged defense to litigation. Neither does it violate the constitution by divesting this court of jurisdiction to determine any question at issue in litigation pending before it.

2. The legislature has plenary powers over municipalities, and over the issue thereby of bonds for municipal purposes, and can authorize an incorporated city or town to issue bonds for a legitimate municipal purpose without any submission of the question to the electorate of such municipality.

Appeal from Circuit Court, Marion County; W. S. Bullock, Judge.

Decree affirmed.

*Anderson & Anderson,* for Appellants;

*F. R. Hocker* and *R. A. Burford,* for Appellees.

TAYLOR, C. J.—This appeal is taken from an order or decree of the Circuit Court of Marion County under the provisions of Chapter 6237 Laws approved June 3, 1911, made on the 6th day of March, 1915, validating an issue of bonds in the sum of $75,000 to be issued by the municipality of the City of Ocala for the erection and purchase of an electric light plant for such city, voted for by the electors of such city at an election held to decide upon such issue of bonds on the 28th day of October, 1914.

The appellants as intervening citizens came in with an answer to the petition for such order of validation opposing the same upon divers grounds, such as the alleged want of power in the municipality to erect or purchase an electric light plant until after it had been authorized to so erect or purchase it by a majority vote of the electors in such city who were the owners of at least $200 worth of property real or personal in such city, at an election held to decide that question, and that after this question had been favorably passed upon by the property owning electors, that then it could call and hold another election to be voted at by all the electors of such city, regardless of their property holdings, to decide upon the issue of bonds with which to raise the funds for the erection or purchase of such plant. The Circuit Judge at the hearing overruled all of the contentions of the appellants, and on the 6th day of March, 1915, made the order appealed from, validating said bond issue. From

this order the appellants entered their appeal to this court on the 20th day of March, 1915, making the same returnable to this court on the 15th day of June, 1915. Subsequently to the rendition of said validating order appealed from and subsequently to the entry of said appeal therefrom, but prior to the return day of said appeal, to-wit, on June 4th, 1915, there was enacted by the legislature and approved by the Governor on that date a sweeping act legalizing and validating the said election held on October 28th, 1914, and said issue of bonds proposed thereby, which act is Chapter 7205, and is entitled "An Act to Legalize and Validate the Election Held in and by the City of Ocala on the 28th day of October, A. D. 1914, to Determine Whether or Not said City Should Issue Bonds to the sum of $75,000 for the Purpose of Erecting and Equipping an Electric Light Station and System in and for said City, and to Carry into Effect, Legalize and Confirm the Results of Said Election." The body of said act, omitting its preamble is as follows:

"Section 1. That the said election held in the City of Ocala on the 28th day of October, A. D. 1914, to determine whether or not said City should issue bonds to the sum of $75,000 for the purpose of erecting and equipping an electric light station and system in and for said city, be and it is hereby validated and confirmed and legalized in each and every respect, and the said city is hereby authorized and empowered to issue bonds in the sum of $75,000 for the above named purposes pursuant to and by virtue of said election.

Section 2. The provisions of this Act shall be construed to be remedial and curative of any defect in any proceedings heretofore had by the said City of Ocala in relation to said election and said proposed bond issue,

and the said proposed issue of bonds, is hereby validated, legalized and confirmed in each and every respect.

Section 3.   All laws and parts of laws in conflict with the provisions of this Act are hereby repealed.

Section 4.   This Act shall take effect immediately upon its passage and approval by the Governor.

Approved June 4, 1915."

Inasmuch as this statute, if valid, completely legalizes and validates the said election and proposed issue of bond thereunder, and cures all defects and irregularities therein that are pointed out and contended for in the answer of the appellants filed in opposition to the proceedings for validation of said bonds in the Circuit Court, it becomes unnecessary for us to consider any of the questions raised, presented to and decided by the Circuit Judge adversely to the contentions of the appellants. We will, therefore, consider only the contentions made here by the appellants to the effect that said above quoted curative Act is unconstitutional and void, and cannot affect any question in, or the result of such litigation before this court in this case.

The first contention in reference to the curative act is that it violates Section 16 of Article III of the Constitution, that provides:   "Each law enacted in the legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title."   The contention is that the following provision in the body of the act is a subject not expressed in the title and not embraced therein, viz: "And the said City is hereby authorized and empowered to issue bonds in the sum of seventy-five thousand dollars for the above named purpose, pursuant to and by virtue of said election."   This contention is untenable.   The main purpose of the act as fully expressed in its title was to

enable the City of Ocala to issue bonds by legalizing and curing any and all, irregularities and defects in the election held to determine upon such issue, and the above quoted express authority to such city to issue such bonds pursuant to said legalized election was entirely germane to the subject of the act as expressed in its title.

The next contention against the validity of this act is that it divests the appellants of their vested right to utilize these alleged irregularities and defects in the proceedings for the issue of these bonds as a defense against their validation by the courts. The answer to this is that even if it be conceded that the appellants could ever acquire a vested right in the existence of alleged irregularities and defects in the proceedings precedent to a public issue of bonds for utilization as a defense to proceedings in the courts for validating the same, yet when he acquired such right it was with full knowledge of, and at all times subject to, the sovereign power of the State through its legislature to obliterate the existence of all such irregularities and defects by an act curative thereof.

It is next contended that this curative act is an invasion by the legislature of the province of the judicial branch of the government, in that in effect it deprives this court of the power to review the case pending before it. This contention is also untenable. The curative act does not deprive this court of any power to review and pass upon every objection urged by the appellants against the said precedent election and said issue of bonds, but this court is bound to take judicial notice of all valid enactments of the legislature, and when it sees that the legislature within its legislative province and powers has enacted a curative statute obliterating all alleged defects in a proceeding before it for judicial consideration, it will recognize the inevitable that any fur-

ther consideration of such alleged defects will be purely a moot question and a work of supererogation. Givens v. County of Hillsborough, 46 Fla. 502.

It is next contended that the legislature could never in the first instance have authorized the proceedings adopted by the City of Ocala precedent to the issue of these bonds. The answer to this contention is that the legislature has plenary powers over municipalities and the issue thereby of bonds for municipal purposes, and that it can authorize a city to issue bonds for a legitimate municipal purpose without any submission of the question to the electorate of such city. Middleton v. City of St. Augustine, 42 Fla. 287, 29 South. Rep. 421.

The other contentions in reference to this curative statute have already in substance been disposed of.

It follows from what has been said that said curative statute is a valid enactment for the purposes for which it was adopted. And it follows further that the order and decree of the Circuit Court validating said issue of bonds be and the same is hereby affirmed; but as the affirmance is placed upon legislation enacted pending the appeal, the appellees will pay the cost of the appeal, and it is so ordered.

SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.