## ROY C. LESTER ET AL. *vs.* D. LOUIS LADRIGAN.

Third Judicial District, Bridgeport, April Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

An attachment is essentially an adversary unilateral proceeding for the exclusive benefit of the creditor. In making it the officer acts at his peril and becomes a trespasser if he mistakenly attaches the property of a person other than the defendant. Under such circumstances the owner of the property wrongfully attached is not bound to reclaim it as soon as he learns of its seizure, under penalty of thereafter being estopped, but may stand on his legal rights and choose his own time for asserting them.

An owner of property who in any way procures or assists in procuring its attachment as the property of another, may be estopped from afterward asserting his title, if the officer is thereby prevented from making a better attachment.

The obligation incurred by signing an officer's receipt in the ordinary form is fully discharged and terminated by surrendering the property to the officer upon his demand; and therefore after such surrender the receiptor is no longer estopped from claiming the property as his own and from maintaining an action of replevin for its recovery.

The fact that the lessee of personal property listed it for taxation as his own, is not admissible against one claiming to own it, unless such list was made with the knowledge or consent of the claimant.

The erroneous exclusion of evidence to prove a fact which is otherwise established is harmless.

Argued April 14th—decided June 27th, 1916.

ACTION of replevin for the possession of an automobile truck, brought to and tried by the Court of

Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered for the plaintiffs, and appeal by the defendant. *No error.*

The defendant, Ladrigan, is a deputy sheriff who had attached the truck in question as the property of one Millspaugh, at the suit of one Lawton, on January 30th, 1914. On January 31st, 1914, the plaintiff Lester, with one Wood, executed and gave to the defendant an officer's receipt for the truck, and thereupon the defendant delivered the truck to the receiptors. The receipt thus given was in the ordinary form, containing an agreement to deliver the truck to the officer on demand, or in default thereof to pay the sum of $1,500, or if the demand was made after judgment, to pay the judgment not exceeding that amount. It also contained the usual estoppel clause agreeing that the receiptors "are hereby estopped from denying that the property herein described has been attached by said officer, and that we have received the same from him, and that the same is the property of said defendant, and is of the value herein named." Lawton having obtained judgment in his favor against Millspaugh, the defendant demanded the truck from Lester and Wood that he might levy execution upon it. They thereupon delivered the truck to him, and immediately thereafter Lester and the other plaintiff, Macomber, who did not sign the receipt, replevied the truck in this action of replevin, claiming to be the owners thereof and entitled to immediate possession. The trial court has found that the plaintiffs are the owners of the truck and that Millspaugh never owned it. Other facts are stated in the opinion.

*Nehemiah Candee* and *John Keogh,* for the appellant (defendant).

*Carl Foster*, with whom was *Charles E. Williamson*, for the appellees (plaintiffs).

BEACH, J. We have examined the evidence, which has been certified for that purpose, and conclude that all the assignments of error based upon refusals to correct the finding should be overruled.

Other reasons of appeal assert that the plaintiffs are estopped by their conduct, and by the officer's receipt, from claiming title to the truck; and that the court erred in excluding a registry receipt offered to show that the truck was registered in Millspaugh's name, and in excluding the testimony and records of the town clerk of Darien to show that Millspaugh listed the truck for taxation as his property in 1913 and 1914. This last ruling was based on the ground that it did not appear that Millspaugh so listed the truck with the plaintiffs' knowledge or consent, and it was clearly correct. As to the registry receipt, it does not appear from the finding that the court finally ruled it out or that the defendant excepted. The evidence shows that it was at one time excluded, and its admission not at that time pressed, because the fact of a dealer's registration in Millspaugh's name, and of the plaintiffs' knowledge of such registration, had been already admitted in evidence. Under these circumstances the defendant has not been harmed, if any error was committed, because the defendant had the benefit of the fact of such registration both in the trial court and, on the motion to correct the finding, in this court also.

We take up next the alleged estoppel by conduct. It is found that the plaintiffs bought the truck and leased it to Millspaugh who was using it under this contract when it was attached. The defendant's brief claims that Lester was present when the attachment was made, but there is no direct finding of that fact,

nor was there any request for that finding. It is found that "at the time of the attachment" Lester made no claim of ownership or interest in the truck, either to the defendant Ladrigan or to the attaching creditor; but we cannot infer from this finding alone that Lester was present when the attachment was made. It is not, however, very important whether Lester was then present or not, for there is no finding that the attaching officer was induced to attach the truck as Millspaugh's property because of any act or omission of either of the plaintiffs. The circumstance, that the truck was registered under a dealer's license in Millspaugh's name with the knowledge and consent of the plaintiffs might have been important if it had appeared that the attaching creditor or the defendant, Ladrigan, had known of and relied upon that fact; but no such knowledge is found or claimed. The leasing of the truck to Millspaugh and his possession and control of it under that contract were, of course, unobjectionable from any standpoint.

On the facts found the officer acted entirely on his own initiative and upon his own information and belief. As against the plaintiffs he was a trespasser, and the question is whether the plaintiffs, when they had knowledge of the trespass, became equitably bound promptly to reclaim their property, and whether, on their failure to so reclaim it, an estoppel arose whereby the attaching creditor became entitled to take their property on execution in satisfaction of Millspaugh's debt. We think the mere statement of that proposition condemns it. Attachment is essentially an adversary unilateral proceeding for the exclusive benefit of the creditor. In attempting it he asserts a strict legal right. So long as the officer is let alone and acts upon his own initiative he acts at his peril. If he mistakenly attaches the property of a third person he is a mere trespasser. Under such circumstances the owner

of the property who learns that it has been so attached cannot be charged with any duty of promptly reclaiming it simply because the officer has committed a trespass against him. He may stand on his legal rights and choose his own time for asserting them. No doubt an owner of property who in any way procures or assists in procuring its attachment as the property of another, may be estopped from afterward asserting his title, if the officer is thereby prevented from making a better attachment; but that is not this case.

The remaining question is whether the plaintiffs are estopped by the officer's receipt from reclaiming the truck after having first performed their contract by delivering it to the officer on demand. Defendant attacks the reality of this delivery, saying that to formally turn the truck over to the officer and immediately thereafter to retake it on a writ of replevin, is a subterfuge. The finding, however, conclusively establishes the fact of an actual delivery; and it does not appear to make any difference in principle whether the writ of replevin was served immediately after the delivery or at any other time before the execution was completed. The real question is whether the estoppel bargained for survived the performance of the principal obligation to deliver back the truck on demand. The same question arose in *Johns* v. *Church*, 29 Mass. (12 Pick.) 557, and in *Edmunds* v. *Hill*, 133 Mass. 445. In the former case the court said (p. 561): "Then it is said, that the plaintiff is estopped by the accountable receipt which he gave to the defendant; which has been delivered up as having accomplished its object. We think not, and for the reason suggested, viz. that the contract has been performed, and that the estoppel should not extend beyond the terms and duration of the contract or accountable receipt. . . . But the plaintiff has delivered the property to the defendant

in full discharge and performance of his contract. And we think the officer then held the property as when he originally attached it. . . . It would be analogous to the case of a man's taking a lease for a year, of his own land; during the year he shall not question the title of his landlord; but after the year he may set up his legal right against him who had been the landlord, as well as against any other persons." And in the latter case (p. 446): "Nor did the plaintiff waive his title to the property by receipting for it. This was legally entirely consistent with an intention ultimately to assert title, should circumstances render it desirable for him to do so. The receipt was indeed a promise to deliver over the goods to the officer. Having done this, he may then bring his action of replevin, trespass or trover to test his right."

The reasoning of these opinions is sound and convincing; and we think it is of no consequence that in those cases the estoppel was implied from the contract relation between the parties, while in this case it is written into the contract. All the cases relied on by the defendant are actions brought upon the receipt, and the estoppel was properly enforced in aid of the principal obligation to deliver up the goods on demand. When, however, the contract has been completely performed and the parties put back into the position which they occupied before the contract was entered into, there seems to be no consideration left on which to found an estoppel by contract, and when the officer has illegally attached property wholly on his own initiative, and not upon any inducement held out by or with the consent of the real owner, there appears to be no ground for an estoppel by conduct.

There is no error.

In this opinion the other judges concurred.