ANGEL JUSTINIANO ESTRADA, Petitioner and Appellee, *v.* MUNICIPAL COURT OF CIALES, HON. LUIS MARTORELL, JUDGE, Respondent; JOSÉ DE JESÚS ORTIZ, Intervener and Appellant.

No. 6811.   Argued March 5, 1936.—Decided July 28, 1936.

*V. Polanco de Jesús* for appellant.   *Angel Rivera Colón* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

On March 22, 1934, José de Jesús Ortiz brought an action in a municipal court against Dolores Arvelo Colón for $100

alleged to be the balance due on a promissory note. He then attached a small parcel of land as the property of Dolores Arvelo. On April 30, Angel Justiniano Estrada filed a petition for leave to intervene in which he alleged that Dolores Arvelo in a notarial instrument executed before the notary, Angel Rivera Colón, on October 20, 1931, had conveyed to petitioner the land subsequently attached by José de Jesús Ortiz as the property of Dolores Arvelo and that petitioner was the owner of the attached property. Attached to this petition was the proposed complaint in intervention. On May 4, petitioner moved that a day be set for a hearing of his petition. May 10 was fixed and the parties were notified. At the instance of plaintiff, defendant's default was noted May 26. On the same day plaintiff presented his evidence and the municipal judge rendered judgment against the defendant, Dolores Arvelo. On June 4, petitioner again moved that his petition for leave to intervene be set for a hearing and June 14 was fixed. On that day plaintiff filed his motion for a writ of execution and the municipal judge ordered issuance of the writ. On July 2, petitioner moved to suspend an execution sale which had been advertised for July 11 and July 9 was fixed as the day for a hearing on this motion. On July 10, the municipal court dismissed the complaint in intervention on the theory that if Estrada had any claim to the attached property he should resort to the special proceeding established for that purpose. The municipal judge also pointed out that Estrada on June 14, at the hearing on his petition for leave to intervene, had not presented any evidence in support of his averment that Dolores Arvelo by public instrument number 140 executed in Ciales before the notary, Angel Rivera Colón, October 20, 1931, had conveyed to him the land subsequently attached by De Jesús. On the same day, July 10, the municipal judge overruled the motion for a suspension of the execution sale on the ground that Estrada should have applied for an injunction instead of moving for a suspension of the sale.

The district court, on certiorari, vacated all the proceedings in the municipal court subsequent to the judgment. De Jesús appeals and says:

"1.—The court erred in holding that the municipal court should not have held the trial without previously deciding whether or not the intervention should have been allowed, it being manifest that the intervening party had sufficient time to get the court to hear and decide upon the intervention, and, in case it decided in the affirmative, to hold a trial upon the intervention.

"2.—The court erred in holding, impliedly, that it was necessary to declare that the intervention had been abandoned due to a lack of diligence on the part of the intervener and plaintiff, before a trial could be held upon the main action.

"3.—The court erred in annulling the proceedings had in the case number 2150, in the Municipal Court of Ciales, subsequent to the judgment, through which proceedings the judgment was made effective, the proceedings being such as the writ of execution, the fixing of a date for the execution sale, the execution sale, the order refusing leave to intervene and dismissing the intervention and the order refusing to suspend the execution sale."

The district court did not disturb the judgment rendered by the municipal court. If the district judge erred, as alleged in the first two assignments, the errors were harmless. In support of the third assignment appellant relies on Section 72 of the Code of Civil Procedure which reads in part as follows (italics ours):

"Any person may, *before the trial,* intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. . . ."

In the instant case the only question raised by the petition for leave to intervene or by the complaint in intervention was the question as to ownership of the attached property. That issue had nothing to do with any question involved in the judgment rendered by the municipal court. That judgment was rendered May 26. The petition was filed May 1. At the request of petitioner, May 10 was fixed as

the day for a hearing and both parties were notified. In the absence of anything to show that petitioner was responsible for the failure to hear and dispose of the question of intervention before the trial, the judgment for plaintiff on the main issue was no obstacle to a subsequent determination of petitioner's right to intervene and of the question as to ownership. See *Casanova* v. *Municipal Court,* 41 P.R.R. 841; *Rodríguez & Hnos.* v. *District Court,* 40 P.R.R. 839; 123 Am. St. Rep. 294, 295; *Lester* v. *Ladrigan,* (Conn.) 98 Atl. 124, L.R.A. 1916 F.; *Marcum* v. *Edwards,* (Ky.) 205 S.W. 798; *Hunt* v. *Starks,* 75 S. W. (2d) 787; *Parham & Co.* v. *Potts-Thompson,* etc. (Ga.), 56 S. E. 460; *Petty* v. *Hayden,* (Iowa), 88 N. W. 393; 20 Ruling Case Law 688, sec. 27.

The municipal judge should have granted petitioner's leave to intervene and should have promptly disposed of the question of ownership before the date of the execution sale. Not having done this, the municipal court should have granted leave to intervene and should have suspended the execution sale pending determination of the question as to ownership. *Cermak* v. *Schaaf,* (Ill.) 139 N. E. 39, 37 A.L.R. 1398; *Juilliard* v. *May,* (Ill.) 22 N. E. 477; *Simmons Clothing Co.* v. *Davis,* (Ind.) 58 S. W. 655; *Ebersbach* v. *Ringing Co.,* 131 So. 148. It follows that the district court did not err as claimed by appellant in the third assignment.

The order appealed from must be affirmed.

Mr. Justice Córdova Dávila and Mr. Justice Travieso took no part in the decision of this case.