ANGEL JUSTINIANO ESTRADA, peticionario y apelado, *v.* CORTE MUNICIPAL DE CIALES, HON. LUIS MARTORELL, JUEZ, recucurrida; JOSÉ DE JESÚS ORTIZ, interventor y apelante.

Núm. 6811.—*Sometido:* Marzo 5, 1936. *Resuelto:* Julio 28, 1936.

*V. Polanco de Jesús,* abogado del apelante; *Angel Rivera Colón,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En 22 de marzo de 1934, José de Jesús Ortiz presentó demanda ante la Corte Municipal contra Dolores Arvelo Colón para recobrar la suma de $100 que se alegaba era el saldo adeudado de un pagaré. Embargó entonces una pequeña parcela de terreno como de la propiedad de Dolores Arvelo. El 30 de abril Angel Justiniano Estrada radicó una petición solicitando permiso para intervenir, en que alegaba que Dolores Arvelo por escritura notarial otorgada ante el Lic. Angel Rivera Colón, el 20 de octubre de 1931, le había traspasado el terreno posteriormente embargado por José de Jesús Ortiz, como perteneciente a Dolores Arvelo y que el peticionario era dueño de la finca embargada. Acompañaba a esta petición la supuesta demanda de intervención. El 4 de mayo el peticionario solicitó se señalara un día para

oír su petición.   Se fijó el 10 de mayo para ello y las partes fueron notificadas.   A instancias del demandante se anotó la rebeldía de la demandada el 26 de mayo.   En dicho día el demandante presentó su prueba y el juez municipal dictó sentencia contra la demandada Dolores Arvelo.   El 4 de junio el peticionario nuevamente solicitó se señalara su solicitud de intervención y se señaló para ello el 14 del mismo mes.   En este último día el demandante radicó una moción solicitando se librara mandamiento de ejecución y el juez municipal ordenó la expedición del mismo.   El 2 de julio el peticionario solicitó se suspendiera una subasta que había sido anunciada para el 11 y se señaló el día 9 del referido mes para oír a las partes sobre esta moción.   Al día siguiente la corte municipal desestimó la demanda de intervención en la teoría de que si Estrada tenía alguna reclamación que hacer sobre los bienes embargados, debía alegarlo por medio de una tercería de mejor derecho.   El juez municipal también indicó que Estrada con fecha 14 de junio, mientras se oía su solicitud de intervención, no había presentado prueba en apoyo de su alegación de que Dolores Arvelo mediante escritura pública número 140, otorgada en Ciales, ante el Lic. Angel Rivera Colón, el 20 de octubre de 1931, le hubiera vendido el terreno posteriormente embargado por de Jesús.   El mismo 10 de julio, la corte municipal declaró sin lugar la moción para que se suspendiera la subasta, fundándose en que Estrada debió haber presentado un *injunction* en vez de solicitar que se suspendiera la venta en ejecución de sentencia.   La corte de distrito, mediante recurso de *certiorari*, dejó sin efecto todos los procedimientos habidos ante la corte municipal con posterioridad a la sentencia.   De Jesús apela y sostiene:

"1.—Erró la Corte al declarar que la Corte Municipal no debió celebrar el juicio sin resolver antes si procedía o no la intervención, constando que la parte interventora tuvo tiempo suficiente para lograr que su intervención fuera vista, resuelta y caso afirmativo llevada a juicio.

"2.—Erró la Corte al resolver implícitamente que era necesario declarar abandonada la intervención por falta de diligencia del in-

terventor y del demandante antes de que se pudiera celebrar el juicio en el pleito principal.

"3.—Erró la Corte al anular los procedimientos en el caso en la corte municipal de Ciales, No. 2150, posteriores a la sentencia por los cuales se hizo efectivo el fallo, tales como la orden de ejecución, señalamiento de remate y subasta celebrada; resolución negando la intervención y solicitud negando la suspensión de remate."

La corte de distrito no alteró la sentencia dictada por el juez municipal. Si el juez de distrito cometió error, conforme se alega en los dos primeros señalamientos, sus errores no fueron perjudiciales. En apoyo del tercer señalamiento el apelante se funda en el artículo 72 del Código de Enjuiciamiento Civil que lee en parte como sigue (bastardillas nuestras):

"Cualquiera persona *antes de la celebración del juicio* podrá intervenir en una acción o procedimiento, si tuviere interés en el asunto en litigio, en el éxito de cualquiera de las partes, o algún derecho en contra de ambas. . . ."

La única cuestión presentada en el caso de autos por la solicitud para intervenir o por la demanda de intervención, fué la cuestión relativa al dominio de los bienes embargados. Tal cosa nada tenía que ver con ninguna cuestión envuelta en la sentencia dictada por la corte municipal. La sentencia fué dictada el 26 de mayo. La petición se archivó el primero del mismo mes. A instancias del peticionario se fijó el 10 de mayo para oír a las partes y ambas fueron notificadas. En ausencia de algo que revele que el peticionario fué responsable de que se dejara de oír y resolver la cuestión relativa a la intervención antes del juicio, la sentencia dictada a favor del demandante sobre la cuestión principal no era óbice a una determinación posterior de los derechos del peticionario. a intervenir ni a la cuestión de dominio. Véanse: *Casanova* v. *Corte,* 41 D.P.R. 850; *Rodríguez & Hnos.* v. *Corte,* 40 D.P.R. 875; 123 Am. St. Rep. 294, 295; *Lester* v. *Ladrigan* (Conn.) 98 Atl., 124, L.R.A. 1916 F.; *Marcum* v. *Edwards* (Ky.) 205 S. W. 798; *Hunt* v. *Starks,* 75 S. W. (2d)

787; *Parham & Co.* v. *Potts-Thompson, etc.* (Ga.), 56 S. E. 460; *Petty* v. *Hayden* (Iowa), 88 N. W. 393; 20 Ruling Case Law 688, sec. 27.

El juez municipal debió haber declarado con lugar la solicitud de intervención del peticionario y debió haber resuelto prontamente la cuestión de dominio con anterioridad a la fecha de la subasta. No habiéndolo hecho así, la corte municipal debió haber concedido permiso para intervenir, y debió haber suspendido la subasta mientras se determinaba la cuestión de dominio. *Cermak* v. *Schaaf* (Ill.) 139 N. E. 39, 37 A.L.R. 1398; *Juilliard* v. *May* (Ill.) 22 N. E. 477; *Simmons Clothing Co.* v. *Davis* (Ind.) 58 S. W. 655; *Ebersbach* v. *Ringling Co.*, 131 So. 148. De ello se desprende que la corte de distrito no cometió error, contrario a lo que sostiene el apelante en el tercer señalamiento.

*La resolución apelada debe ser confirmada.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.