PER CURIAM.
This is the second appearance of this cause before this court. See Miller v. Miller, Fla.App.1974, 293 So.2d 760. We are presented here with an appeal from a summary final judgment for the defendant, Gina C. Miller.
The controlling question is whether the plaintiffs are barred from recovery by the principle of res judicata. The record reveals that the claim of an invalid deed from John E. Miller to himself and his wife, Gina C. Miller, was litigated between the spouses in a prior cause for their di *50 vorce before the circuit court in 1972. The claim that the deed was invalid because the property was homestead property under the Florida Constitution of 1885 was decided there adversely to the husband, John E. Miller. In that suit, the present plaintiffs, James C. Miller and Richard C. Miller, who are the sons of John E. Miller, were permitted to intervene. The final judgment in that suit allowed the interve-nors to dismiss their petition.
We hold that the present plaintiffs, having been parties to the prior litigation and, therefore, having full knowledge of any claim that they had at that time and having failed to assert their claim, are now barred from such assertion against the defendant. See Ebersbach Const. Co. v. Charles Ringling Co., 1930, 100 Fla. 1270, 131 So. 148, and cf. Butler v. Bertram, Fla.App.1973, 281 So.2d 227. But see Dalhoff & Co. v. Coffman, 37 Iowa 283 (1873).
Affirmed.