Robert M. JASINSKI, and Susan M. Misavage, individually and on behalf of all others similarly situated, Plaintiffs,

v.

THE CITY OF MIAMI, and Downtown Towing Company, a Florida corporation, Defendants.

Nos. 02–21572–CIV–SEITZ, 02–21572CIVBANDSTRA.

United States District Court, S.D. Florida.

June 11, 2003.

---

Usher Bryn, Aventura, FL, Counsel for Plaintiffs.

Joseph H. Serota, Jose S. Talavera, Weiss Serota Helfman Pastoriza & Guedes, P.A., Miami, FL, Counsel for Defendant City of Miami.

Alejandro Vilarello, Maria J. Chiaro, Miami City Attorney's Office, Miami, FL, Counsel for Defendant City of Miami.

Stephanie S. Curd, AAG, Attorney General's Office, Fort Lauderdale, FL, Francis

X. Santana, Miami, FL, Counsel for Defendant Downtown Towing Co.

***ORDER GRANTING DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS–MOTION FOR SUMMARY JUDGMENT AS TO CITY ADMINISTRATIVE CHARGE***

SEITZ, District Judge.

. THIS MATTER is before the Court on Plaintiffs Robert M. Jasinski and Susan M. Misavage's Cross–Motion for Summary Judgment as to the $25.00 City Administrative Charge [DE–64], and Defendant City of Miami's (the "City") Cross–Motion for Final Summary Judgment [DE–61] on Plaintiffs' administrative charge claims. This action arises out of the City and Defendant Downtown Towing Company's ("Downtown Towing") recovery, towing, and impoundment of Plaintiffs' stolen car. After paying the bill to recover their car, Plaintiffs filed this seven-count action challenging the constitutionality of the City's vehicle impoundment procedure and the imposition of certain fees in addition to towing and storage costs.[1]

. The parties have amicably resolved all outstanding matters except for three counts relating to the City's imposition of a $25.00 City Administrative Charge. The Court has considered the parties' thorough papers and the informative oral argument. For the reasons stated below, the Court will grant the City's cross-motion for summary judgment and deny Plaintiffs' cross-motion for summary judgment as to the City Administrative Charge.

1. To date, Downtown Towing has not responded to Plaintiffs' Second Amended Complaint.

## I

## Factual and Procedural Background

### A. The Stolen Vehicle, Tow, and Bill

Plaintiffs, both residents of Fort Lauderdale, Florida, own a 1992 Honda Accord that was stolen from their residence on June 30, 2001. Two days later, on July 2, 2001, the City of Miami Police recovered Plaintiffs' vehicle and contacted Downtown Towing, which towed the vehicle to its storage yard for safekeeping. To cover the costs of towing and storage, Downtown Towing billed Plaintiffs $80.00 for towing, $20.00 for storage, $4.00 for a storage surcharge, $1.56 in sales tax, and $25.00 for a Municipality Charge ("City Administrative Charge").[2] (Am. Compl., Exh. A, Downtown Towing July 3, 2001 Invoice). Plaintiffs paid the bill and obtained the release of their vehicle.

Plaintiffs allege in their Second Amended Complaint that the City failed to provide them with a prompt post-impoundment hearing in violation of their due process rights (Count I), and that the City illegally imposed a $4.00 surcharge (Count II). The parties have amicably resolved these counts. Additionally, Plaintiffs have agreed to voluntarily dismiss their claims that the City failed to provide them with adequate pre-impoundment notice (Count VI), and violated their Fourth Amendment rights to be free from unreasonable searches and seizures (Count VII). Three claims remain in this suit which relate solely to the $25.00 City Administrative Charge (Counts III, IV & V).[3]

### B. Historical Background of the City Administrative Charge

On February 2, 1999, the Miami–Dade County Board of Commissioners passed Resolution No. R–130–99 ("Rate Resolution"), which established "new revised maximum rates for towing, recovery and storage of vehicles at the request of private property owners, police agencies, and all other tows without prior consent of the vehicle owner or a duly authorized driver." (Am.Compl., Exh. D).[4] The Rate Resolu-

---

**2.** Downtown Towing also billed Plaintiffs $100.00 for a second tow, which Plaintiffs have not raised as an issue in this litigation. (Compl., Exh. 1).

**3.** According to Arthur Moe ("Moe"), the officer in charge of the Towing Detail for the City of Miami Police Department, the $25.00 City Administrative Charge "is applied in part to costs incident to towing, including, but not limited to: title and lien searches; 50 state searches for ownership information; notification of lien holders and owners of the whereabouts and charges against a vehicle; data entry and maintenance of logs of information for all towed vehicles; coordination with other agencies regarding the towing and recovery of stolen vehicles; handling inquiries from citizens regarding towing, recovery, and whereabouts of all towed vehicles; and personnel costs for Police Towing Detail, Auto Pound Detail, and the Criminal Investigations Section (C.I.S.) desk." (Moe Aff. ¶ 5). On April 10, 2003, the morning of the oral argument on the parties' cross-motions for summary judgment, and more than one month

after responding to the City's cross-motion for summary judgment, Plaintiffs moved to strike Moe's affidavit. Because Plaintiffs' motion to strike was untimely, and Plaintiffs were unable to show good cause as to why the Court should strike Moe's affidavit when Plaintiffs failed to contest the affidavit in response to the City's cross-motion for summary judgment, the Court denied Plaintiffs' motion to strike at the April 10, 2003 hearing.

**4.** Miami–Dade County passed this Rate Resolution pursuant to Fla. Stat. § 125.0103(1)(c), which provides:

Counties must establish maximum rates which may be charged on the towing of vehicles from or immobilization of vehicles on private property, removal and storage of wrecked or disabled vehicles from an accident scene or for the removal and storage of vehicles, in the event the owner or operator is incapacitated, unavailable, leaves the procurement of wrecker service to the law enforcement officer at the scene, or otherwise does not consent to the removal of the

tion establishes the maximum Administrative Fee at $30.00 per vehicle after the first 24 hours. *Id.*

On September 28, 1999, the City passed Resolution No. 99–707 authorizing the City Manager "to issue a Request for Qualifications ('RFQ')...for the purpose of qualifying and selecting eligible firms/sole proprietors to provide towing and wrecker services for the Departments of Police and Fire–Rescue...." (*See* Notice of Filing City Resolution 99–707 and RFQ 98–99–171). The RFQ 98–99–171 sets forth the maximum rates the City may charge for towing services, and includes a $25.00 City Administrative Charge for non-consent tows of privately owned vehicles. (*Id.*). Three years later, on October 2, 2002, the City passed Ordinance No. 12285, which provides:

> AN ORDINANCE OF THE MIAMI CITY COMMISSION AMENDING CHAPTER 42, ARTICLE IV, OF THE CODE OF THE CITY OF MIAMI, FLORIDA, AS AMENDED, ENTITLED "POLICE, TOWING AND IMMOBILIZATION OF MOTOR VEHICLES, TOWING," BY AMENDING DIVISION 2 TO CLEARLY REFLECT ITS APPLICATION TO THE NONCONSENSUAL TOWING OF VEHICLES FROM PRIVATE PROPERTY AND BY ADDING DIVISION 4, POLICE TOWS, SETTING THE MAXIMUM TOW RATES ALLOWED BY THE CITY FOR POLICE DISPATCHED TOWING AND WRECKER SERVICE FOR PRIVATE VEHICLES AND SETTING AN ADMINISTRATIVE FEE IN THE AMOUNT OF $25 AND TO RATIFY AND CONFIRM ANY ADMINISTRATIVE CHARGES INCLUDED IN THE MAXIMUM TOWING FEES INCLUDED IN ANY CONTRACT OR AGREEMENT IN EFFECT IN THE CITY OF MIAMI; FURTHER DECLARING THE ADMINISTRATIVE FEE TO BE LEGAL AND VALID AND TO RATIFY, VALIDATE AND CONFIRM IN ALL RESPECTS THE ADMINISTRATIVE FEES IMPOSED PRIOR TO THE ADOPTION OF THIS ORDINANCE; MORE PARTICULARLY BY AMENDING SECTIONS 42–110 AND 42–119 OF SAID CODE; CONTAINING A REPEALER PROVISION AND A SEVERABILITY CLAUSE; PROVIDING FOR AN IMMEDIATE EFFECTIVE DATE.

On December 13, 2002, Plaintiffs filed their Second Amended Complaint challenging the imposition of the City Administrative Charge. Specifically, Plaintiffs allege that at the time they paid the $25.00 City Administrative Charge, such charge was not authorized by any statute or ordinance (Count III). Additionally, Plaintiffs contend that the retroactive application of City Ordinance No. 12285 violates due process (Count IV). Finally, Plaintiffs assert that the collection of an administrative charge is outside the scope of Florida's towing lien statute, Fla. Stat. § 713.78 (Count V). Plaintiffs seek declaratory and injunctive relief, and a refund of all administrative charges, together with prejudgment interest, attorney's fees, and costs.

The parties have filed cross-motions for summary judgment on Plaintiffs' claims relating to the City Administrative Charge. The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

---

vehicle. However, if a municipality chooses to enact an ordinance establishing the maximum fees for the towing or immobilization of vehicles as described in paragraph (b), the county's ordinance shall not apply within such municipality.

## II

## Discussion

### A. Standard of Review

Summary judgment is appropriate when "the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quoting Fed.R.Civ.P. 56(e)). Accepting this evidence as truthful, the Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether " 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11 th Cir.1997) (quoting *Anderson*, 477 U.S. at 251–52, 106 S.Ct. 2505).

### B. Ordinance No. 12285 May Be Applied Retroactively

Plaintiffs do not dispute that the City was and is authorized to enact an ordinance pursuant to Fla. Stat. § 125.0103(1), allowing for the collection of an administrative charge. However, Plaintiffs contend that the City cannot retroactively apply Ordinance No. 12285 to support the imposition of an administrative charge prior to October 2002. Thus, the sole question for this Court on Counts III and IV is whether Ordinance No. 12285 may be applied retroactively.

In determining whether an ordinance may be applied retroactively, the Court must determine: (1) whether there is clear evidence of legislative intent to apply the law retroactively; and (2) whether retroactive application is constitutionally permissible, in that the new law does not create new obligations, impose new penalties, or impair vested rights. *Metropolitan Dade County v. Chase Federal Housing Corp.*, 737 So.2d 494, 499 (Fla. 1999) (holding that retroactive application of immunity provisions under Florida Dry Cleaning Contamination Act is constitutionally permissible); *Campus Communications, Inc. v. Earnhardt*, 821 So.2d 388, 395–96 (Fla. 5th DCA 2002) (holding that statute exempting autopsy photographs from Florida Public Records Act may be applied retroactively). The clear legislative intent requirement ensures that the legislative body itself "has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits." *Chase*, 737 So.2d at 499.

#### 1. Clear Evidence of Retroactive Intent

Here, Ordinance No. 12285 satisfies the clear legislative intent prong, as the express language of the ordinance declares "the administrative fee to be legal and valid and to ratify, validate and confirm in all respects the administrative fees imposed prior to the adoption of this ordinance...." City of Miami, Ordinance No. 12285 (Oct. 2, 2002). In fact, Plaintiffs do not dispute that the City had the legislative authority to enact Ordinance No. 12285 and intended to apply it retroactively. (*See* Pl.'s Resp. at 2). Thus, the only question remaining is whether the Ordinance creates new obligations, imposes new penalties, or impairs vested rights. *Chase*, 737 So.2d at 499.

## 2. No Creation of New Obligations, Imposition of New Penalties, or Impairment of Vested Rights

■ With respect to the first two elements of the second prong, Plaintiffs cannot demonstrate that the Ordinance creates new obligations or imposes new penalties. The Ordinance merely authorizes the $25.00 charge that Plaintiffs *already paid* prior to enactment of the Ordinance. Plaintiffs have not been forced to pay any new, additional fees or fulfill any new obligations. Therefore, the only issue is whether the Ordinance impairs Plaintiffs' vested rights.

■ A vested right is defined as "an immediate, fixed right of present or future enjoyment." *Earnhardt,* 821 So.2d at 398 (internal quotations omitted). It is well-established that "to be vested a right must be *more than a mere expectation based on an anticipation of the continuance of an existing law;* it must have become a title, legal or equitable, to the present or future enforcement of a demand." *Id.* (emphasis added). Here, Plaintiffs contend that the Ordinance destroyed their vested right to a refund of the $25.00 Administrative Charge. (Am.Compl.¶ 58). However, Plaintiffs' claim to a refund is nothing more than an "a mere expectation based on an anticipation of the continuance of an existing law," i.e. the state of the law prior to enactment of the Ordinance.

■ Although Plaintiffs assert that at the time they paid the $25.00 Administrative Charge, they had a right to a refund because Ordinance No. 12285 was not yet in existence, it is well-established law in Florida that legislative bodies may retroactively enact curative laws to ratify, validate and confirm any act that they could have authorized in the first place. *See Coon v. Board of Pub. Instruction of Okaloosa County,* 203 So.2d 497, 498 (Fla.1967) (upholding constitutionality of curative statue that retroactively validated defectively ap-

proved school bonds); *Sullivan v. Volusia County Canvassing Bd.,* 679 So.2d 1206 (Fla. 5th DCA 1996) (upholding legislature's retroactive ratification of election despite alleged notice and ballot irregularities).

■ At the time Plaintiffs paid the $25.00 Administrative Charge, the County Rate Resolution No. R–130–99 established the maximum Administrative Fee at $30.00 per vehicle, and the City's RFQ 98–99–171 established the maximum Administrative Charge at $25.00 for non-consent tows of privately owned vehicles. The City's enactment of Ordinance No. 12285 merely served to ratify, validate and confirm the $25.00 Administrative Charge that it could have authorized in the first place. When a legislative body, in good faith, enacts a curative law to ratify, validate and confirm any act that it could have authorized in the first place, as the City has done here with Ordinance No. 12285, it would contravene public policy to award plaintiffs a windfall for asserting a cause of action that the legislative body may constitutionally eliminate by curing any defects in the law. *See, e.g., Camp v. State,* 71 Fla. 381, 72 So. 483 (1916) (recognizing that even if plaintiff had a vested right to challenge election and bond issue based on procedural irregularities and defects, plaintiff acquired such right "with full knowledge of, and at all times subject to, the sovereign power of the state through its Legislature to obliterate the existence of all such irregularities and defects by an act curative thereof"). Thus, because Plaintiffs have failed to demonstrate that retroactive application of Ordinance No. 12285 impairs a vested right, and the City properly enacted the Ordinance as a curative law, the Court will grant the City's cross-motion for summary judgment on Counts III and IV of Plaintiffs' Amended Complaint, and deny Plain-

tiffs' cross-motion for summary judgment on these counts.[5]

## C. Administrative Charge Does Not Violate Substantive Due Process and is Not a Tax

■ As an alternative theory on Count IV of their Second Amended Complaint, Plaintiffs allege that the Ordinance violates substantive due process. (*See* Am. Compl. ¶ 60). Specifically, Plaintiffs argue that the Administrative Charge is retroactive tax legislation that can be upheld only if it is supported by a legitimate legislative purpose furthered by rational means. *See United States v. Carlton*, 512 U.S. 26, 30–31, 114 S.Ct. 2018, 129 L.Ed.2d 22 (1994). However, Plaintiffs' substantive due process claim must fail for at least two reasons.

First, even assuming for the purpose of argument that the Administrative Charge is a tax, Plaintiffs have not demonstrated that the Ordinance violates a fundamental right or that the City has applied it in an arbitrary and capricious manner. *See, e.g., Villas of Lake Jackson, Ltd. v. Leon County*, 121 F.3d 610 (11th Cir.1997) (noting that a substantive due process claim requires plaintiff to show that the government acted in an arbitrary and capricious manner). As the City has demonstrated, and Plaintiffs do not dispute, the Ordinance is designed to ratify, validate, and confirm the City Administrative Fee, which raises revenue to cover the costs of the City's towing services. Thus, the Administrative Charge does not violate substantive due process because it is sup-

ported by a legitimate legislative purpose furthered by rational means. *Carlton*, 512 U.S. at 30–31, 114 S.Ct. 2018.

■ Second, the Administrative Charge is a fee and not a tax. The key distinction between a fee and a tax is that fees are voluntary and benefit particular individuals in a manner not shared by others in the public. *City of Miami v. Quik Cash Jewelry & Pawn, Inc.*, 811 So.2d 756, 758–59 (Fla. 3rd DCA 2002) (holding that a fee charged to pawnshop owners to cover the cost of police inspections of pawn shops is a constitutionally permissible fee and not a tax because the fee is voluntary and benefits pawnshop owners in a manner not shared by others). Unlike fees, which are voluntary and benefit particular individuals, a "tax is a forced charge or imposition, it operates whether we like it or not and in no sense depends on the will or contract of the one on whom it is imposed." *Quik Cash*, 811 So.2d at 758–59. Plaintiffs, as vehicle owners and operators, voluntarily chose to assume the duties and responsibilities associated with operating a vehicle. These responsibilities include being charged an administrative fee in the event their vehicle was towed. Because the City's Administrative Charge is a voluntary fee that benefits vehicle owners in a manner not shared by others, Plaintiffs' argument that the Court should undertake the substantive due process analysis required when assessing the constitutionality of retroactive tax legislation is inapplicable.

---

**5.** Plaintiffs also allege in their Amended Complaint that the Administrative Charge is excessive since it bears no relation to any actual burden imposed upon the City. (*See* Am. Compl. 61). However, this claim is without merit, as Plaintiffs did not dispute the factual representations regarding the City's use of the $25.00 Charge in the affidavit of Officer Moe,

who administers the City's towing program. *See supra* n. 4. Moreover, as a general rule, courts owe great deference to the decisions of legislative bodies regarding municipal rates and administrative fees. *See City of Riviera Beach v. Martinique 2 Owners Association, Inc.*, 596 So.2d 1164, 1165 (Fla. 4th DCA 1992).

## D. Administrative Charge Does Not Violate Florida's Towing Lien Statute

In Count V of their Amended Complaint, Plaintiffs allege that Florida's towing lien statute, Fla. Stat. § 713.78(2), does not authorize wrecker operators to impose a lien for municipal administrative charges, and that the City has instructed its contracted wrecker operators not to release any vehicles with outstanding charges due. (Am.Compl.¶¶ 64,65). However, other than Plaintiff Robert Jasinski's mere conclusory assertion that "all towing companies under contract with the City may not release any vehicle unless all fees have been paid, including the challenged $25.00 City Administrative Charge," (Jasinski Aff. ¶ 5), Plaintiffs have offered no evidence that the City has ever imposed a lien or foreclosed on a towing lien and sold an impounded vehicle at auction for failure to pay the City Administrative Charge. Because Plaintiffs have failed to demonstrate that the City has imposed a lien on any vehicle for failure to pay the Administrative Charge, the Court will grant the City's cross-motion for summary judgment and deny Plaintiffs' cross-motion for summary judgment as to Count V.

### Conclusion

Based upon the foregoing reasons, it is hereby

ORDERED that:

(1) Plaintiffs' Cross–Motion for Summary Judgment as to the $25.00 City Administrative Charge [DE–64] is DENIED; and

(2) The City's Cross–Motion for Final Summary Judgment [DE–61] is GRANTED.